M. F. RYAN, *Plaintiff in Error,* v. ROSCOE NOBLE, *Defendant in Error.*

Division B.

Opinion Filed April 27, 1928.

Petition for Rehearing Denied June 14, 1928.

*C. L. Brown,* for Plaintiff in Error;

*Shipp, Evans & Kline,* for Defendant in Error.

WHITFIELD, P. J.—The declaration in substance alleges that Noble was in the employ of Ryan who was engaged in the occupation of operating automobiles for public use; that one of defendant's trucks was transporting steel grips or beams; that plaintiff with six other employes of defendant Ryan was engaged in unloading said steel grips or beams from said truck; that the said seven employes of defendant lifted a beam and five of the employes having hold of the grip or beam suddenly loosened their hold and let the beam drop, due to the carelessness and negligence of the said five employes, which injured plaintiff by so smashing the index and second fingers of his right hand as to make it necessary to have them amputated; that plaintiff was wholly without fault in the premises. Damages in $15,000.00 were claimed. A demurrer to the declaration was overruled. Pleas were filed of not guilty; that the defendant was not engaged in the occupation of operating automobiles for public use, but was engaged in a private business or enterprise of hauling material from the docks to a stated gas plant by virtue of a stated private contract; assumption of risk; that the injury and damage were caused by the negligent act of plaintiffs fellow servants; that the injury was caused by the negligence of the plaintiff and of a fellow servant who were jointly engaged in performing the act causing the injury, and defendant was guilty of no negligence contributing to

such injury. Issue was joined on the pleas. Trial resulted in a verdict and judgment for $6,000.00 damages. Motions for judgment *non obstante veredicto* and for new trial were denied. Defendant took writ of error.

The statute provides that persons, firms and corporations engaged in "operating automobiles for public use," shall be liable in damages for injuries inflicted upon their agents and employes, caused by the negligence of such persons, firms and corporations, their agents and servants, unless such persons, firms and corporation "shall make it appear that they, their agents and servants have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against such persons, firms and corporations;" that such employers shall not be liable in damages for injuries to their employes "when same is done by their consent, or is caused by their own negligence." If the employer and employe "are both at fault, there may be a recovery, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to both; Provided, that damages shall not be recovered for injuries to an employe injured in part though his own negligence and in part through the negligence of another employe, when both of such employes are fellow servants, where the former and the latter are jointly engaged in performing the act causing the injury and the employer is guilty of no negligence contributing to such injury." "The doctrine of assumption of risk shall not obtain where the injury is attributable to the negligence of the employer, his agents or servants." Section 4971, 4972, 4973, 4974, Rev. Gen. Stats. 1920.

There is legally sufficient substantial evidence upon which to predicate the finding necessary involved in the verdict, that the defendant was "operating automobiles for public use;" that the injury was proximately caused by

the negligence of the defendant's employes who were the plaintiff's fellow servants jointly engaged with plaintiff in performing the act causing the injury and that the plaintiff was not negligent.

The defendant might not have been a common carrier, but he was engaged in operating automobiles for hire to those with whom he contracted and he contracted with members of the public as he desired. That satisfied the purpose and intent of the statute.

No harmful error appears in charges given or refused, and no abuse is shown in questioning proposed jurors as to their connection with or relation to or interest in insurance companies, in testing the qualifications of the jurors. The verdict appears to be excessive. If the plaintiff below within 30 days remits $1,000.00 as of the date of the verdict, the judgment will stand affirmed for the balance; otherwise the judgment will stand reversed for a new trial.

It is so ordered.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM, J., concur in the opinion and judgment.

BROWN, J., concurs specially.

BROWN, J., (concurring specially):

I concur in the opinion that no *reversible* error appears and the judgment should be affirmed, but I am not satisfied that the record is free from error in the matter of the questioning of the proposed jurors as to their connection with or interest in insurance companies, and the statement made by counsel for plaintiff in the hearing of the

jurors preliminary thereto. While the error may not be so presented in this case as to be reversible, I think it involves an important question which requires some consideration.

It appears that the plaintiff in the court below had served on the defendant notice to produce at the trial all insurance policies taken out by the defendant for the purpose of indemnifying him against loss or damage in the operation of automobiles or automobile trucks for hire, and the original application made by the defendant for such insurance, and all cancelled checks given in payment of premiums for insurance indemnifying the defendant against loss or damage in the operating of the automobile truck involved in this case. As these documents were not shown to be admissible in evidence under the issues, and as there was no privity of contract between the plaintiff and any insurance company the defendant might have contracted with, the propriety of this notice is very doubtful. Nothing appears which showed any duty on defendant's part to comply. See Section 2733, R. G. S.

When the case came on for trial, counsel for plaintiff stated in open court that he had served notice on the defendant to produce certain insurance policies at the trial and he wanted to know whether the defendant had produced those so as to furnish him with the name of the insurance company defending the case. To this inquiry the defendant returned no answer. An adjournment was then taken until the afternoon session and when the court convened again, counsel for plaintiff stated that they had given notice that morning that they wanted to know what insurance company was defending this case; that they would like to have the defendant furnish it. Upon the court asking if there was any objection to this, counsel for defendant stated that there was. Counsel for plaintiff then said that

both the defendant and his attorney had told him that the defendant was being defended by an insurance company and that the plaintiff was certainly entitled to know what insurance company was defending the case. Whereupon the court stated: "The court is not interested in who is defending him." To this counsel for plaintiff replied that he did not want to get an agent for an insurance company or some one who wrote the policies on the jury; that if the defendant would not tell what insurance company was defending the case, he would ask the jurors whether they represented any insurance company. To this the court acceded.

The first panel of six jurors were asked whether they were in the insurance business, and replied in the negative. Two were excused by the plaintiff. Two more were then called and asked the same question, to which they replied in the negative. Thereupon the counsel for defendant objected to any inquiries about the insurance business to any members of the jury and moved the court to quash the entire jury panel on the ground that the interrogation of the jury as to insurance companies was entirely improper. The denial of this motion on the part of the court was excepted to and this ruling was assigned as error. The record then says "and thereupon the examination of the jury was continued, the jury was tendered and duly sworn." It does not appear from the record that any further questions along this line were put to prospective jurors. From all that appears in the record, the two additional jurors, who were interrogated as above shown before the objection was made, were used to complete the panel of six before whom the case was tried. Thus, it would appear that the defendant's objection and motion to quash probably came too late; and the trial court should not be put in error in overruling the objections to the questions. The motion to quash

the panel was not the proper remedy anyway, and the court did not err in denying it. See 2 Fla., Digest, 435; Presley v. State, 61 Fla., 46; 35 C. J. 374.

While the plaintiff in a case of this kind is undoubtedly entitled to have such qualifying questions put to the jurors as will protect him against the possibility of any agent or stockholder of any insurance company who has agreed to indemnify the defendant against any loss in the case being chosen upon the jury, yet the law is well settled that no evidence can be admitted on the trial of such a case that the defendant is protected by indemnity insurance against any loss that may be occasioned thereby, and the admission of such character of evidence constitutes prejudicial and reversible error. It is also well settled, as is admitted in the able brief filed in behalf of defendant in error, plaintiff in the court below, that it is improper for counsel to comment in argument upon this subject of insurance. There is no charge made that any such argument was made in this case. In this connection, attention might be called to the forcible language of Justice Somerville, speaking for the Supreme Court of Alabama, in Standridge v. Martin, 203 Ala., 486, 84 So. 266, which reads:

"Although the objectionable argument of plaintiff's counsel was excluded from the consideration of the jury by the trial judge with an appropriate instruction to disregard it, we are nevertheless of the opinion that it falls within that class of argumentative statements which are grossly improper and highly prejudicial, and whose evil influence and effect cannot be eradicated from the minds of the jury by any admonition from the trial judge.

"There can scarcely be made to a jury a more seductive and insidious suggestion than that a verdict for damages against the defendant before them will be visited, not upon that defendant, but upon some invisible corporation

whose business it is to stand for and pay such damages. Such a suggestion, once lodged in the minds of the jury, is almost certain to stick in their consciousness, and to have its effect upon their verdict, regardless of any theoretical exclusion of it by the trial judge."

Yet the same court has several times held that on motion of the plaintiff the court will ask such qualifying questions as will enable the plaintiff to ascertain whether any of the proposed jurors are interested in the insurance company which has agreed to indemnify the defendant. See Citizens Light, Heat and Power Company v. Lee, 182 Ala., 561, 62 So. 199; U. S. Cast Iron Pipe and Foundry Company v. Warner, 198 Ala., 595, 73 So. 936; Louis Pizitz Dry Goods Company, v. Cusimano, 206 Ala., 689, 91 So. 799.

Undoubtedly, the plaintiff in a case of this kind is entitled to a fair and impartial jury, and no person interested and employed by a casualty insurance company, interested in the result of the suit, though not of record thereto, would be qualified to sit as a juror in the trial of the case. On the other hand, the defendant is entitled to a fair and impartial jury, and if evidence that the defendant is protected by indemnity insurance cannot be produced to the jury during the trial, nor any reference thereto in argument of counsel permitted, surely the defendant should be protected from having the same matter presented to the prospective jurors in connection with the ascertainment of their qualifications, if the same can be avoided without prejudice to plaintiff's rights. As was said by the Supreme Court of Alabama in the case of Citizens Light, Heat and Power Company, v. Lee *supra*.

"There is in this state no set or fixed rule by which the court should be so informed of such disqualifications, or by which the court should ascertain the facts of disqualifica-

tion; but this should be done before the trial is entered upon, otherwise the parties might be held to have waived the ground of challenge or disqualification.

"All this, of course, ought to be done, in so far as it can be done, in a mode and at a time that will not prejudice jurors, otherwise qualified, against the rights of either party. Improper conduct or remarks of counsel or of the trial court as to such matters have frequently been held sufficient ground for setting aside a verdict, and when on the part of the trial court, sufficient cause to reverse a judgment. The object and purpose of the law in the matter is to purge juries of incompetent and disqualified persons as to that particular trial, and so to prevent bias and prejudice from inducing an improper verdict. Of course, the right to so purge the jury ought not to be denied; but, for equally just reasons, such right ought not to be so exercised or asserted as to prejudice those who are not disqualified, against either party to the suit. The last condition would be as objectionable as the first—indeed, the in-infirmity would be the same. The jurors would thus be rendered unfit to try that particular case, and be so rendered in an attempt to get rid of disqualified persons. In such case the disease would be no worse than the remedy.

"For this reason, trial courts and counsel should always be careful in ascertaining the facts as to such disqualifications and in excusing or in challenging a person as incompetent. Any attempt on the part of counsel to get before the jury the fact that parties other than the litigants will be injured or benefited by the verdict or judgment to be rendered for the purpose of biasing or prejudicing the jury and not for the purpose of ascertaining the fitness of the jurors for the trial, is highly reprehensible, and should not for a moment be tolerated by trial or appellate courts.

Such practices have been repeatedly condemned by this and all other appellate courts.''

This general subject will be found treated in 35 C. J., 394-395, cited by defendant in error, which authority appears to justify the action of counsel for plaintiff in the court below, in so far as the questions asked the jurors is concerned, but which does not sustain them as to the interrogation of counsel for defendant in the presence of the jury as to what insurance company was defending the case for the defendant. While we consider this improper, no reflection upon the good faith of counsel is intended or implied. They were apparently acting in perfect good faith, in an earnest effort to secure for their client a disinterested jury. Furthermore, the precise point is new in this jurisdiction, and no course of procedure in such matter has been outlined or decided upon by this Court so far as the writer knows.

I am inclined to think that in a case of this character counsel for the plaintiff should have the right to make it known to the court, either before the trial or at the time of the trial, by a proper motion, either oral or written, that the defendant is protected against loss in the case by an insurance company, and secure the permission of the court to ask such questions as will satisfy both the court and the plaintiff as to the proper qualifications of the jurors in this respect, but that such motion should not be presented in the presence or hearing of the prospective jurors. And when such motion is properly made, and supported, it should be granted, and the court should allow such a line of interrogation as will elicit the desired information from the talesman without prejudice to the rights of the defendant. Usually such questions as the following would serve to bring out the desired information. ''What business or businesses are you engaged in,

or interested in?'' If the answer to this question is not sufficient to satisfy plaintiff's counsel, he might go farther and ask: ''Are you an agent, employe, officer, or stockholder, or otherwise interested in any insurance corporation?'' If the question is answered in the negative it is hardly necessary to go farther; if it is answered in the affirmative, then the plaintiff might inquire further as to *what kind* of insurance corporation; and in those cases where circumstances justify it, the name of such corporation. Thus, the necessary information could be secured which the plaintiff could use either as a basis for a peremptory challenge, or a challenge for cause, according to the circumstances. It would seem to me to be entirely practical in some such way as this to protect both sides in the selection of an absolutely fair, disinterested, unprejudiced and impartial jury, which is not only the right of each party to secure, but also the highest judicial duty to provide. And this, too, without diverting the jurors from a proper consideration of the case in hand by the introduction of a collateral matter which does not concern the merits of such case, and which they should not consider in determining the issues of fact submitted to them. The course above outlined or one similar thereto might well apply in all other classes of cases where a third party is interested in the result of the suit to be tried, and either party desired to ask such questions of the jurors as might be necessary to secure a properly qualified jury.

But it must be remembered that the law should not penalize a citizen for taking out insurance to protect himself against loss in case of accident or negligence. If A insures with B against loss by automobile accident or collision, paying B a certain amount for assuming the risk, and A's automobile collides with that of C, and C sues A, the latter's foresight in making preparation by which he can

pay the damages, if found legally responsible therefor, should not be used against him, or prejudice the trial of the issue as to such responsibility. It is none of C's business that A had seen fit to provide himself with insurance. If A was willing to pay the price, he certainly had the right to obtain the insurance. This was no invasion of C's rights. It might rather work to his interest in making surer the collection of this damage, for A might otherwise be unable to pay. All that C, in case of suit, has the right to insist on is that B, the insurer, nor any agent, employe, or other person interested in his business, be put on the jury, and he should be allowed to take all reasonable, proper and necessary steps to protect himself against such a possibility. But the matter of A's contract for indemnity with B should not be put before the jury; for, in their sympathy for the injured party, and influenced by the thought that the loss would not fall on A anyway, the tendency to find a liability where none might exist, or to find a liability excessive in amount, is too apt to control their action in most cases. Furthermore, it has no bearing whatever upon the question of A's liability *vel non* for C's injury; and as there is no privity of contract whatever between B, the insurer, and C, C has no right to object to A's having the full benefit of his contract, without prejudice.

While there are cases which justify the course of action taken by counsel for plaintiff in this case, there are also cases to the contrary, and the particular question being new in this State, this Court is free to adopt the doctrine sustained by the soundest and best reasoning and which will make for the best and fairest administration of justice in this jurisdiction.

While there was error in permitting the making of the preliminary statement by plaintiff's counsel in the presence and hearing of the assembled venire, the point was

not seasonably or properly raised, and I hardly think it calls for a reversal of this case. The jury were bound to have found a verdict for the plaintiff on the evidence submitted; so the result could not reasonably have been otherwise, except as to amount, and that has been taken care of by requiring remittitur. I therefore concur in the affirmance of the judgment, subject to the remittitur provided for.

WHITFIELD, STRUM AND BUFORD, J. J., concur.