### SIDNEY SHAMS v. MARTIN SAPORTAS

10 So. (2nd) 715
December 4, 1942

June Term
Division B

*Yonge, Beggs & Carter,* for plaintiff in error.
*Fisher & Fisher,* for defendant in error.

THOMAS, J.:

A passenger in an automobile, the guest of the owner who was driving, received injuries when the car skidded from the highway and overturned. He brought an action based upon gross negligence and was awarded a verdict.

The first point in controversy is the sufficiency of the declaration to charge the highest degree of negligence. Substance of the allegations is that at the time of the mishap the car, equipped with tires "so worn as to be almost smooth," was traveling a "smooth black-topped highway," wet "due to showers of rain," at a speed of seventy miles per hour.

It is difficult to fix a standard by which there may be determined with precision what allegations do and what do not present a case of gross negligence for there is little likelihood of two sets of circumstances being identical or even similar, and faint is the line of demarcation between cases where ordinary negligence has been held to exist and those where the lack of care has been declared gross. It appears to us, however, that a declaration averring that the operator of an automobile equipped with smooth tires caused it to hurtle along a slippery highway at a rate of speed exceeding one hundred feet each second charged the failure to exercise even slight care for his passengers and a disregard for their safety. It is equivalent to alleging that "he placed [them] in

the danger of injury." McMillan v. Nelson, Fla., 5 So. (2nd) 867, 870.

It is argued that these conditions and circumstances were not sufficient, if proven, to establish that the skidding and overturning and resulting injury were traceable to the negligence of thè defendant. We realize that, as held in a case cited by plaintiff in error, Johnson v. American Reduction Co., 305 Pa. 537, 158 Atl. 153, skidding itself does not constitute negligence but must result from negligence to warrant recovery; however, that bare rule cannot be applied to the occurrence here where skidding might well have been expected from the rate of speed, the smoothness of the tires and the slickness of the road, and where disaster might well have been anticipated if the driver lost control.

The case was tried on the declaration, consisting of two counts, and pleas of not guilty and contributory negligence.

We construe the second question of plaintiff in error as one presenting the sufficiency of the evidence to support the allegations of the declaration as we have epitomized them. Having the view that the pleading was sufficient we will proceed to a study and discussion of the evidence to determine whether or not the skeleton of the plaintiff's case formed by the pleadings was made symmetrical by the proof. It will have been observed that there were three elements upon which, combined, the pleader relied to demonstrate his right to recovery, namely, the condition of the tires, the state of the highway and the speed of the car. The first two of these were proven by the defendant himself when he testified: "The road was slippery, and it was raining pretty hard, and I lost control,—the car started sliding." In reply to a question: ". . . those tires you had were pretty slick on the tread?" he stated, "Yes sir." The question was later asked him: ". . . these [tires] were worn pretty smooth?" and he answered, "Yes,—they were kinda getting old." So, without examining the testimony of the plaintiff on these points it occurs to us that these elements were well established.

There is conflict in the testimony about the speed of the car when it swerved from the pavement and was wrecked but the statement of two disinterested witnesses abundantly

substantiated the averment of the declaration that the vehicle was traveling about seventy miles an hour. For example, immediately preceding the crash the car had passed another going in the same direction. It overturned in plain view of the occupants of the other vehicle. One of them testified that their automobile was proceeding "around 60 or 65;" another, the driver, that they were "going about 65 miles." Adding to the speed of sixty-five, or even sixty, miles per hour the increased speed necessary to pass, the jury could properly find that the overtaking car reached seventy miles an hour. We conclude that the action of the defendant in driving his car, the tires of which had been worn smooth, over a slippery highway at high speed constituted gross negligence. The facts of the instant case are very like those stated in an opinion of the Supreme Court of Oregon, Layman v. Heard, 156 Ore. 94, 66 P. (2nd) 492, where that court reached the same conclusion.

At the beginning of the trial counsel for the defendant submitted to the court an affidavit of the claim manager of the American Fire and Casualty Company, presumably defendant's insurer, stating that he had compared the jury list with the roster of stockholders and policyholders of that company and "that none of said jurors is either a stockholder or a policyholder of said . . . Company . . ." Because of this affidavit the court was asked to instruct counsel for plaintiff not to refer to any liability insurance carrier in his examination of talesmen. This request was refused and the ruling has been assigned as error.

We find no impropriety in the court's action. By furnishing such a statement the plaintiff could not have been precluded from an examination in accordance with the rule announced by this court in Ryan v. Noble, 95 Fla. 830, 116 So. 766. It may be true that no juror then serving held a policy or a share of stock in the company named but that fact was not sufficient to prevent inquiry within the bounds we have defined.

A ruling favorable to the defendant would have prevented the plaintiff from determining whether any juror was interested in a similar company, hence, might entertain some

prejudices in cases of this character. Such information would have been valuable not only as a basis for challenge for cause but particularly to enable the plaintiff to exercise peremptory challenges wisely. It frequently happens in the trial of cases that a juror divulges some interest or bent that gives the litigant the impression that his judgment would be thereby influenced regardless of the facts in the case, in which event the litigant may challenge him without, of course, offering any excuse for doing so. The very purpose of peremptory challenges is to give the litigant this opportunity to have excused jurors who are not shown to be sufficiently biased to justify a challenge for cause but who, the litigant suspects, may not be free to base judgment entirely upon the facts developed in the trial wholly uninfluenced by any attitude held by them because of interest or experiences foreign to the issues. Applying the principle to the instant case, had the court granted the defendant's request the plaintiff would have been precluded from inquiring of the jurors whether they were interested as holders of policies or stock in companies similar to the one named.

The action of the court in excluding certain proffered testimony of the defendant is questioned. Two highway patrolmen visited the scene of the wreck shortly after it occurred and the defendant attempted to elecit from them an opinion as to the speed of the car based on their experience and their observation of the scene. It is our view that testimony given by these witnesses would have been conjectural and too inaccurate to be of probative value; therefore, we hold that the court properly denied the proffer.

The final question raises the point of contributory negligence of the plaintiff, it being the defendant's position that the failure of the passenger "to protest and protest vehemently" constituted a contribution of negligence by him. We consider the contention unsound. From our construction of the testimony he was not shown by the defendant to have been guilty of contributory negligence. He was aware of the nature of the surface of the road and supposedly could learn of the speed by watching the speedometer but it was not proven that he was conscious of the worn condition of the

tires. It is important to note that the wife of the defendant, who was also a passenger, testified that she remonstrated with her husband about the speed of the car and that she thought plaintiff remarked to him that he was going too fast.

It seems unnecessary to explore the law with reference to the duty of a passenger to protest because here it appeared that he was ignorant of the condition of the tires on the car, although aware of the inclement weather and the character of the highway, and there was testimony from one of the witnesses of the defendant, his wife, that she cautioned her husband and that her recollection was that the passenger did likewise. It should be borne in mind, too, that there was no information whatever of impending danger possessed by the plaintiff and unknown to the defendant.

By way of summary we state that the declaration sufficiently charged gross negligence; that the material allegations of the pleading were proven; that the plaintiff was entitled to question the jury in accordance with the rules announced in Ryan v. Noble, supra, despite the affidavit that was filed by the defendant; that the evidence sought to be adduced from the highway patrolmen was properly excluded; and that the plea of contributory negligence was not supported by the testimony, therefore, the judgment is—

Affirmed.

BROWN, C. J., TERRELL, and CHAPMAN, JJ., concur.