62 So.2d 51 (1952)
FRAZIER
v.
EWELL ENGINEERING & CONTRACTING CO.
Supreme Court of Florida, en Banc.
December 16, 1952.
Rehearing Denied January 16, 1953.
*52 Glynn O. Rasco, Miami, and Paty & Paty, West Palm Beach, for appellant.
Earnest, Lewis, Smith & Jones, West Palm Beach, for appellee.
MATHEWS, Justice.
This is an appeal from an order granting a new trial in a personal injury case, where the verdict in favor of the plaintiff was for $66,000.
The following questions are presented:
1. Was the trial judge in this case warranted in setting aside the verdict and granting a new trial because, according to his calculations, the verdict was excessive?
2. In determining whether or not in his opinion the verdict was excessive, was the trial judge warranted in granting a new trial because a juror, or jurors, had been asked the question, if he (or they) were "interested in any insurance company or had stock in such insurance company?"
3. Was the trial judge warranted in granting a new trial because in his opinion the question of liability is a close one upon which honest men can differ and the question of contributory negligence is also debatable?
With reference to the first question of excessive damages, there is much discussion set forth in the order by the trial judge in *53 granting the motion for a new trial which to some extent confuses the issues. The charges given by the trial judge to the jury on the question of damages were correct, and are supported by, and have been fully approved in, the cases of Dina v. Seaboard Air Line R. Co., 90 Fla. 558, 106 So. 416; Seaboard Air Line R. Co. v. Martin, Fla., 56 So.2d 509, and many other cases cited therein.
After correctly charging the jury as to the various elements of damages, the Court further charged the jury as follows:
"Now, damages in a case of this kind cannot be reduced to a mathematical certainty. Within the limits of the rule which I have heretofore given you in charge, it is your duty to exercise a reasonable discretion in arriving at the amount of damages to be awarded based upon all the facts or evidence, and the knowledge and experience possessed by you in relation to matters of common knowledge, provided, of course, however, that you will find that the Plaintiff is entitled to recover."
The verdict of the jury was for a lump sum. The jury made no attempt to set forth a particular sum for any particular item of damage, such as, loss of comfort, marital relations, services of the husband in assisting in caring for the family including a child 17 years of age, loss of support, station in society, or loss of expected dower. The trial judge in his discussion set forth in the order granting a new trial cited the case of Florida Cent. & P.R. Co. v. Foxworth, 45 Fla. 278, 34 So. 270, as controlling in this case, and as fixing a definite formula for the computation for a wife's loss from the death of her husband. That case was decided in 1903; the deceased husband was 80 years of age, a minister who earned only $600 per annum, and there were no children living with him or supported by him. The formula in that case was with reference to the earnings, life expectancy and matters of a fixed nature. It is not applicable in this case.
In the case at bar the deceased husband was 64 years of age, with a life expectancy of 12 years and 40 days, and the youngest child was 17 years of age, living with and dependent upon his parents for support. There was another child, 18 years of age, who was in the Service. The wife was 50 years of age with a life expectancy of 21 years and 135 days; the deceased was a retired Army Sergeant, receiving $220.50 per month; some months previous he had worked for some engineers in drainage work, and immediately prior to his death had received an average of $200 per month from Winn & Lovett Grocery Company for delivering advertising circulars. Deceased was receiving at the time of his death $420.50 per month, or $5,046 per annum.
It cannot be said that the services of the deceased husband were of no value to the wife in properly rearing and supporting this minor child, 17 years of age, and even some consideration may be given to the child, 18 years of age, who is now in the service of his country. The value of the services to the wife with reference to minor children cannot be reduced to a mathematical certainty, or in accordance with any strict formula, but within reasonable bounds should be included by the jury in awarding damages to the wife.
The trial judge in fixing the amount for the particular item of earnings deducted a definite allowance for Federal Income Taxes and for operation of an automobile. He also deducted $42 per month which the widow began to receive in her own right after the death of her husband. These calculations were erroneous because the deceased paid no income tax upon his pension and the amount which the widow received of $42 per month, was received by her in her own right. See Ann. 18 A.L.R. 689, and 95 A.L.R. 580. In his calculations as to the amount to be allowed for each individual item, the trial judge brushed aside the item of dower or legacy by calling attention to the fact that the husband, up to that time, had only accumulated a home and an automobile. The jury may well have considered that he had accumulated four children during the time of his married life and that the reason he had accumulated no more property was because he had fulfilled his duty in supporting his children, one of *54 whom he was still supporting. With the responsibility of rearing and supporting four children practically at an end, the jury may well have concluded that during the remainder of his life, the deceased husband would have accumulated something in which his widow would have had a right of dower or which she may have received from his estate.
There can be no fixed formula or mathematical certainty with reference to many items which should be considered by a jury in assessing damages in a case of this kind. The Court correctly charged the jury as to the law in reference to assessment of damages, but reversed these charges and erroneously applied a different rule of law in making his own calculations as to what should have been awarded by the jury for each element of damages.
Under the charges as given to the jury by the trial judge there was sufficient evidence to sustain the amount of the verdict. There is nothing in the opinion of the court below to the effect that the amount of the verdict shocked the judicial conscience.
The second question presented is with reference to a question asked a juror, or jurors, if he (or they) were interested in any insurance company or had any stock in such insurance company.
In the order granting a new trial the Court made the following statement:
"The amount of the award indicates that the jury was not governed solely by the evidence and the charge of the court insofar as computing the widow's loss was concerned. It might well be that the incident by which the interest of an insurance company in the litigation was brought to the jury's attention influenced the decision."
This question arose on the examination of the jury on their voir dire, but it is not shown by the record except in the fifth ground of the motion for new trial where it appears that the attorney for the plaintiff asked the jurors, "Do any of you have any interest in an insurance company?" and just prior to that asked, "Do any of you gentlemen own any stock in an insurance company?" Defendant made a motion for a mistrial which was denied by the Court. In discussing this matter in his order granting the motion for new trial the judge said:
"It is not necessarily improper to refer to the interest of an insurance company in the litigation before the jury. See Ryan v. Noble, 95 Fla. 830, 116 So. 766; Eppinger, etc., Co. v. Sheely, 5 Cir., 24 F.2d 153; Morton v. Holaday, 121 Fla. 813, 164 So. 514; Rosenberg v. Coman, 134 Fla. 768, 184 So. 238; Wall v. Little, 102 Fla. 1015, 136 So. 676; Hull v. Laine, 127 Fla. 433, 173 So. 701; Shams v. Saportas, 152 Fla. 48, 10 So.2d 715; Vega v. Evans, 128 Ohio St. 535, 191 N.E. 757, 95 A.L.R. 381; Ann. 95 A.L.R. 388. But here it appears that the jury has been persuaded by something not to be found in the evidence or in the court's charge. * * * A new trial on the question of damages only should not be granted unless liability on the part of defendant is clearly shown and it is not deemed necessary for any reason to try that issue again. Remsberg v. Mosley, [Fla., 58 So.2d 432]."
The Court was not warranted in granting a new trial upon the ground that the asking of the questions to the jurors about insurance was prejudicial or influenced their verdict. If it is proper to ask the jury about their interest in an insurance company, then it cannot be said that the jury was improperly persuaded or influenced to render an excessive verdict because they had been asked a proper question. See Ryan v. Noble, 95 Fla. 830, 116 So. 766, as to the permissible scope of such an inquiry. The fact that the jury on their voir dire may have been asked a proper question is not a sufficient basis to say that the verdict of the jury was due to bias or prejudice brought about by the asking of a proper question. The Court in its charges to the jury repeatedly told them that its verdict must be based "solely and exclusively on the evidence, free from passion, prejudice, sympathy, or any motive whatever, *55 except a fair and impartial consideration of the evidence."
The third question to be considered is whether or not the trial judge was warranted in setting aside the verdict and granting a new trial because in his opinion "the question of liability is a close one upon which honest men can differ" and "the question of contributory negligence is also debatable."
The trial court cited the case of Remsberg v. Mosley, Fla., 58 So.2d 432, 433, as authority for granting a new trial, not only on the question of damages, but also on the question of the merits of the case. In the case of Remsberg v. Mosley, supra, the Court said:
"In the case at bar we are confronted only with the record proper. The evidence was not brought up. The pleadings reveal issues that are so related to the question of damages that we think the new trial should be on the merits, both as to liability and the amount of damages.
"The judgment is therefore reversed on authority of Porter v. Gordon last cited."
In the case of Porter v. Gordon, Fla., 46 So.2d 19, 20, the entire record, including the evidence, was before the Court. In that case this Court said:
"While the trial court held that * * *, he also found that the verdict `was induced by some prejudice or some misconception of the law, which has resulted in such an inadequate amount, that it does in fact shock the judicial conscience.'" (Emphasis supplied.)
This is not a case like Tampa Waterworks Company v. Mugge, 60 Fla. 263, 53 So. 943; Richbourg v. Hilton, Fla., 56 So.2d 539; or Schneider v. Cohan, Fla., 59 So.2d 644, where the trial court found that "the preponderance of the evidence was manifestly in favor of" one of the parties, or that "the verdict is contrary to the manifest weight of the evidence." In this case, in discussing the evidence, the Court simply held that the question of liability was "a close one" and that the question of plaintiff's contributory negligence was "also debatable". This holding was very similar to that in the case of Hillsboro Plantation, Inc. v. Plunkett, Fla., 59 So.2d 872, 873, where the Court held:
"The second question involved the issue of contributory negligence. The trial court found that the evidence supporting that defense was weak and meager but that the question was doubtful and highly debatable, on the strength of which, motion for new trial was granted, because, said the court, the `jury may have been mislead by undue emphasis placed by the court in its charge on contributory negligence.'
"* * * We have examined the record on the point and we find material evidence to support the issue. The trial judge thought it was `weak and meager' and the question `highly debatable' but he granted the new trial. We are convinced that his reasons therefor were insufficient. In so doing he was weighing the sufficiency of the evidence which was a jury function."
The reasons given for granting a new trial on the questions of liability or contributory negligence as given by the Court were insufficient.
Reversed with directions to set aside the order granting a new trial and render a proper judgment based upon the verdict.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.
THOMAS and ROBERTS, JJ., and FABISINSKI, Associate Justice, dissent.
THOMAS, Justice (dissenting).
I think that judgment should be affirmed but that new trial should be limited to question of damages only.
ROBERTS, J., concurs.