THOMAS, Justice.
This litigation grew out of a collision between two motor vehicles. The issues were formed by denials and pleas of contributory negligence addressed both to the complaint and the counterclaim. The plaintiff prevailed and the defendants appealed.
According to the appellant’s contention error was injected into the case at the very beginning of the trial when the jurors were undergoing their voir dire examination. We will describe the occurrences relative to this charge of error as the history of them is recorded in the transcript and in the stipulation of counsel.
Counsel for the plaintiff asked each prospective juror about his occupation and his relationship, if any existed, to the defendants. Then he propounded this question: “ ‘Do any of you or any member of your immediate families have any interest in the General Casualty Company of America?’ ” (Italics supplied.) This galvanized defendants’ counsel into action. He objected to the question, moved that a mistrial be declared by the court, because of the improper introduction of the subject of insurance, and asked that the venire be excluded from the courtroom while the merits of the mo *746 tion for a mistrial were argued. The last motion was denied, the judge stating that he was “not going to go to [the] trouble” of requiring veniremen in the courtroom, but not in the jury box, to leave. So jurors tentatively chosen were excused and the others were allowed to remain and hear the arguments. Some of these eventually served on the jury that passed upon the issues.
In determining whether or not the procedure we have detailed- constituted error harmful to the defendants we will refer to the opinions of the court dealing with mention of insurance companies in trials involving recovery for personal injuries.
Under the authority expressed in Ryan v. Noble, 95 Fla. 830, 116 So. 766, 770, the parties being entitled to a fair trial, a plaintiff should, in an action for damages when the defendant is protected by a contract of insurance, be allowed on the voir dire-examination to elicit information about, the interest of prospective jurors in insurance companies. It was stated in the opinion that counsel for the plaintiff should have the right to make the situation known to the court and to obtain permission “to asir-such questions as will satisfy both the court and the plaintiff as to the proper qualifications -of the jurors * * * but that such motion, should not be presented in the presence or hearing of the prospective jurors.” . (Italics supplied.) The court in that opinion further remarked that in 'securing a fair trial to the defendant he should be protected from having the matter of his insurance made known to potential jurors, “if the same can be avoided without prejudice to plaintiff’s rights.” As a preface to the last •statement the court recognized the rule that no evidence of the indemnity of the defendant by an insurance company may be offered before the jury or mention of it made in the argument.
The court undertook to prescribe procedure that would secure a fair trial to the plaintiff' by getting the information from the jurors adroitly without depriving the plaintiff of the information whether or not a juror had an interest in an insurance company which might cause the juror to be prejudiced against him, and without damaging the defendant’s case by conveying information to the jury from which it might be inferred that any judgment against the defendant would be paid by another. It is clear from the opinion that the information that the defendant was thus protected should not reach the jury via evidence or argument.
In Carls Markets, Inc., v. Meyer, Fla., 69 So.2d 789, 793, we reannounced the rule that such knowledge should be kept from the jury but reiterated our adherence to the principle that if the subject of insurance crept into the case, and even if it was purposely attempted to be injected and the court upon objection immediately acted “to prevent further transgression * * * and to caution the jury to disregard the testimony the trial need not be discontinued.”
In these and other decisions we have examined, we trace the rule that inasmuch as both parties are guaranteed a fair trial, the information about the interest of ‘jurors in-insurance companies should not be kept from the plaintiff and the existence of insurance protecting the' defendant should be kept from the jury, but-in any. event the defendant should not have to risk injury to his case by exposure of the fact that he was insured. The course between harm to one party and harm to the other is narrow and indistinct. Lambert v. Higgins, Fla., 63 So.2d 631.
In the present case the question propounded by the plaintiff included the name of the very company that had issued a policy to the defendant. We learn this from a motion by the attorney who originally appeared for the defendants, to withdraw, and a statement signed by a representative of the company that the withdrawal was acceptable. Although there was no occasion for the jurors to see either of these papers, it is plain from the record that those who remained in the courtroom were bound to learn from the debate and the colloquy that an insurance company was involved.
The procedure prescribed, or at -least approved, in Ryan v. Noble, supra, was not *747 followed. It certainly could not be said that the introduction of the subject was inadvertent or that the information was volunteered. No effort was “immediately” made to cure any harm that may have been done the defendants and it was not until the last charge, at the conclusion of the testimony, that the judge mentioned the subject, when he said to the jury: “There is no insurance company that is a party to this case. The parties to this case are Mrs. Laura Butler, the lady stitting right .there, and Mr. H. G. Blanton and his wife, Mrs. Eva Blanton, trading and doing business as Gulf Candy Company. They are ■ the only parties to this suit. No others should be considered. You may retire and consider of [sic] your verdict.”
The procedure shown in the record does not. harmonize with our .decisions, and the exceptions we have recognized would not permit us to sanction it, so we must conclude that the error likely became harmful to the defendants. The information about insurance that the jurors gained at the outset may well have influenced their deliberations not only about the damages that should be allowed but the merits of .the controversy as well.
In view of our conclusion on the question discussed, we do not feel obliged to answer the other questions posed by the appellants.
For the reasons given the judgment is—
Reversed.
TERRELL, SEBRING, HOBSON and THORNAL, JJ., concur.
DREW, C. J., dissents.
ROBERTS, J., not participating.