SHANNON, Judge.
Appellant, plaintiff below, filed her complaint against the appellee, defendant below, alleging personal injuries and property damage sustained through the negligence of the defendant. After a jury trial the jury returned a verdict for the defendant and the plaintiff has appealed.
The point involved in this appeal concerns the- voir dire examination of prospective jurors, and it may be stated as follows:
Whether the trial court committed error in denying the request of plaintiff’s counsel to ask the prospective jurors directly whether or not any were insured by the State Farm Mutual Automobile Insurance Company.
Upon plaintiff’s motion to complete the record, the trial court entered an order which stated that during the voir dire, both counsel approached the bench, outside of the hearing of the prospective jurors, and the plaintiff’s counsel quietly requested permission to determine whether any prospective jurors were insured by the State Farm Mutual Automobile Insurance Company. The request was denied and the trial proceeded, resulting in a verdict for the defendant.
The denial of this request is the sole point raised on appeal. The appellant contends that her right to inquire includes the right to determine if prospective jurors are policyholders of the defendant’s insurer, where that insuror is a mutual company, and further contends that a policyholder in a mutual insurance company stands in the same position as a stockholder in an old line stock company.
In Ryan v. Noble, 95 Fla. 830, 116 So. 766, Justice Brown laid down a method of propounding to the prospective jurors a series of questions which would bring out whether or not they had any interest in insurance companies. In his opinion Justice Brown discussed the problem of obtaining a jury that would be fair and impartial to both the plaintiff and the defendant, saying at page 769 of 116 So.:
“I am inclined to think that in a case of this character counsel for the plaintiff should have the right to make it known to the court, either before the trial or at the time of the trial, by a proper motion, either oral or written, that the defendant is protected against loss in the case by an insurance company, and secure the permission of the court to ask such questions as will satisfy both the court and the plaintiff as to the proper qualifications of the jurors in this respect, but that such motion should not be presented in the presence or hearing of the prospective jurors. And when such motion is properly made, and supported, it should be granted, and the court should allow such a line of interrogation as will elicit the desired information from the *160 talesmen without prejudice to the rights of the defendant * *
The opinion then goes on to suggest a line of questioning that would be fair to both parties, including the following:
“ * * * ‘What business or businesses are you engaged in, or interested in?’ If the answer to this question is not sufficient to satisfy plaintiff’s counsel, he might go farther and ask: ‘Are you an agent, employee, officer, or stockholder, or otherwise interested in any insurance corporation?’ If the question is answered in the negative, it is hardly necessary to go farther; if it is answered in the affirmative, then the plaintiff might inquire further as to what kind of insurance corporation; and in those cases where circumstances justify it, the name of such corporation. Thus the necessary information could be secured which the plaintiff could use either as a basis for a peremptory challenge, or a challenge for cause, according to the circumstances * * *.”
The rule of Ryan v. Noble is established practice in this state, as are Justice Brown’s suggested questions. In Shams v. Saportas, 152 Fla. 48, 10 So.2d 715, in an opinion by Justice Thomas, the Supreme Court held that the plaintiff’s right to inquire in this regard was not lessened by the insuror’s affidavit that none of the prospective jurors were either stockholders or policyholders in that company.
It is clear that the plaintiff may test the qualifications of prospective jurors in accordance with the principles set forth in Ryan v. Noble, supra. In the instant case, the plaintiff elected not to follow this procedure, however, and requested permission to ask the direct question noted above. On one side the plaintiff’s attorney maintains that he is asking the question for the purpose of eliciting information from the prospective jurors that will enable him to use a peremptory challenge. On the other hand, defendant’s counsel resists this on the ground that if the jury knows that the defendant has insurance it will be more likely to give a judgment for plaintiff and in so doing the verdict will be enhanced. The trial judge is in the position to weigh this question and to protect the interests of both parties under the facts of the case. See Lambert v. Higgins, Fla.1953, 63 So.2d 631.
We see nothing in the distinction between a policyholder in an old line stock company and a policyholder in a mutual insurance company that would take this case out of the rule of Ryan v. Noble. Nor do we see any valid reason for extending the scope of voir dire examination in this state by allowing the plaintiff to ask this proposed question. Having found no error in denying the request below, the trial court’s ruling is affirmed.
Affirmed.
ALLEN, C. J, and PATTEN, GEORGE L., Associate Judge, concur.