147 So.2d 580 (1962)
Ernest RIDARSICK, Appellant,
v.
Georgianna AMIRKANIAN, a Widow, Appellee.
No. 62-135.
District Court of Appeal of Florida. Third District.
December 20, 1962.
Rehearing Denied January 11, 1963.
Dean, Adams, Fischer & Gautier, Miami, for appellant.
Headley & Sudduth, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
This is an action for damages by a widow under the wrongful death statute.[1] Her husband was struck and killed on a public street by an automobile admittedly driven by the defendant. A verdict for the defendant was set aside and a new trial ordered. A ground of the motion for new trial, adopted in the order, implied that defendant's attorney at the trial was guilty of misconduct by repeatedly offering evidence which the court had ruled out. That implication is not supported by the record which discloses defendant's attorney was courteous to the court and obedient to the court's rulings. However, a question asked during a trial may convey prejudicial information even though the answer is excluded. See Blanton v. Butler, Fla. 1955, 81 So.2d 745; 66 C.J.S. New Trial, § 35. The matter which was sought to be elicited was properly recognized by the trial judge as irrelevant and immaterial. How plaintiff's attorneys of record obtained the representation was not relevant or material in the trial of the case and had no bearing on the validity of the plaintiff's action. This wrongful death case presented no basis to suggest a *581 false claim or exaggerated injuries. However, the obvious purpose of the questions involved was to prejudice plaintiff's case in the eyes of the jurors. The order granting new trial stated the judge felt "that matters extraneous to the issues to be tried * * * were put before the jury * * which may have improperly influenced and prejudiced this jury * * *." The reason assigned by the trial judge in the instant case was a sufficient ground upon which to grant a new trial. Florida Publishing Co. v. Copeland, Fla. 1956, 89 So.2d 18; Pyms v. Meranda, Fla. 1957, 98 So.2d 341; Cloud v. Fallis, Fla. 1959, 110 So.2d 669. A motion for new trial is addressed to the sound judicial discretion of the trial judge and will not be disturbed absent a clear showing of abuse of discretion. Mead v. Bentley, Fla. 1952, 61 So.2d 428; Pyms v. Meranda, supra; Cloud v. Fallis, supra. No abuse of discretion having been shown, the order for new trial is affirmed.
Affirmed.
NOTES
[1] §§ 768.01 and 768.02 Fla. Stat., F.S.A.