MELVIN, Associate Judge.
The appellants, who were plaintiffs in the trial court in litigation relating to an automobile accident, have perfected this appeal from a judgment entered upon a jury verdict in favor of plaintiff George. LeRoy Holiday in the sum of $500.00, and denying recovery to plaintiff Callie Mae Holiday.
The plaintiffs timely presented their motion that the court permit, as a part of their voir dire examination, the following questions to be asked of the jury:
“1. What business or businesses are you in?
“2. Are you an agent, employee, officer or stockholder, or otherwise interested in any insurance corporation?
“3. What kind of insurance corporation? (If the answer to #2 is yes).
“4. What is the name of the corporation? (If the answer to #2 is yes).”
The court denied the motion and error is assigned.
It is the contention of plaintiffs that they were entitled to propound said questions as *753 stated, and in the sequence as stated m their motion.
The court ruled that plaintiffs’ attorney could not ask a juror specifically if he were interested in an insurance corporation, but the plaintiffs’ attorney could ask any prospective juror: (1). In what business or businesses he was engaged; and, (2) whether or not he was an agent, employee, officer or stockholder or otherwise interested in any corporation. The court further ruled that if any juror stated he was interested in a corporation, inquiry could then be made as to the nature of such corporation; that if it then developed from the juror’s response that he was interested in or employed by an insurance corporation, plaintiffs’ attorney could inquire further as to the nature of the insurance corporation and the type of insurance written by it.
The procedure outlined by the able trial judge was eminently fair to the plaintiffs and to the defendant, and to the right of each to obtain a fair and impartial jury. The propounding of questions in the order directed by the court would have developed the fact if any prospective juror had any present or past interest in or employment with an insurance corporation, and the name of such corporation, if desired. The record here does not reveal the questions or answers stated in connection with the voir dire examination.
The trial judge has a duty to so direct the course of counsel’s voir dire examination that the minds of the prospective jurors may not be infiltrated with ideas having no proper relation to the issue to be determined by them. The procedure directed by the trial judge is in accord with the principles of law spelled out in Ryan v. Noble, 95 Fla. 830, 116 So. 766 (1928), and no error was committed.
The remaining assignment of error is directed to the court’s order denying motion for new trial on the ground that the verdict for plaintiff Callie Mae Holiday assessed her damages at “none”, thus allowing no damages for her alleged pain and suffering. It is evident that the jury concluded that there was in fact no compensa-ble pain and suffering. See City of Miami v. Smith, 165 So.2d 748 (Fla.1964).
No error has been made to appear and the judgment appealed from is
Affirmed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.