CARROLL, DONALD K., Judge.
The three minor plaintiffs in a wrongful death action have appealed from a final judgment entered by the Circuit Court for Duval County, based upon a jury verdict awarding them $4,500 as damages for the wrongful death of their father.
The primary question presented for our determination in this appeal is whether the trial court properly admitted at the trial evidence of the benefits being received by the plaintiffs at the time of the trial from Social Security and the Veterans Administration, which benefits they were not receiving at the time of their father’s death.
The evidence showed that the defendant-appellee shot and killed both the father and the mother of the plaintiffs. This action, though, is only for the wrongful death of their father.
The evidence of the mentioned benefits was introduced by the defendant at the trial, over the plaintiffs’ objections, with the obvious intention of influencing the jury to reduce the amount of damages for which he would otherwise be liable.
Stated broadly, the general rule, founded upon decisional law as well as logic and justice, seems to be that a defendant cannot reduce the damage for which he would otherwise be liable by showing that the plaintiff received compensation from a collateral source, such as benefits received from welfare and pension funds.
This general rule was applied as to veterans’ benefits by the Supreme Court of Florida in Frazier v. Ewell Engineering and Contracting Co., 62 So.2d 51 (1953), holding that the trial court in assessing damages in a wrongful death action committed error in fixing the amount of earnings by deducting $42 a month which the widow-plaintiff “began to receive in her own right after the death of her husband.”
With regard to the Social Security benefits received by the plaintiffs, a comprehensive treatment of this Subject of damages for wrongful death of a husband or father as affected by the receipt of Social Security benefits, will be found in an annotation in 84 A.L.R.2d 764-766 in which the annotation at page 765 states:
“In the few cases in which the question has thus far engaged the attention of the courts, it has been uniformly held that the amount of recovery for death by wrongful act should not be diminished by the receipt of social security benefits. In general, such payments have been regarded as being in the same category as amounts paid to a surviving beneficiary on a life or casualty insurance policy, or as a pension, which, it is well settled, are not to be considered in mitigation of the damages sustained as the result of a tor-tious death.”
Veterans Administration benefits were discussed by the Supreme Court of Florida in Frazier v. Ewell Engineering and Contracting Co., supra, as discussed above.
The final point on appeal urged by the plaintiffs-appellants is that the trial court erred in refusing to give their requested charge to the jury to the effect that the evidence of Veterans Administration and Social Security benefits “is not to be considered by you in any way in mitigation of the damages, nor is it to be considered by you in any way to reduce any verdict you might give in favor of the plaintiffs.” The plaintiffs were entitled to such a charge and the trial court’s failure to give it or a similar instruction, we think, compounded the court’s error in admitting the said evidence.
For the foregoing reasons we are of the opinion that the trial court erred in admitting, over the plaintiffs’ objections, the evidence of the Veterans Administra *3 tion and Social Security benefits and in failing to charge the jury that they were not to consider those, benefits in reduction of the verdict. While it is difficult to establish precisely what effect that evidence had upon the jurors’ consideration of the verdict, we think that, under the circumstances shown, such effect may be presumed to have been prejudicial to the plaintiffs.
Since we have held above that the trial court thus committed reversible error, there is no need for us to consider and determine the other points raised in this appeal.
Therefore, the final judgment appealed from herein should be, and it is, reversed, and the cause is remanded with directions for a new trial in accordance with the views hereinabove set forth.
Reversed and remanded with directions for a new trial.
WIGGINTON, C. J., and RAWLS, J., concur.