232 So.2d 21 (1970)
William F. SHIPMAN and the Employers Fire Insurance Company, an Insurance Company Authorized to Do Business in the State of Florida, Petitioners,
v.
Keith J. KINDERMAN, Respondent.
No. M-378.
District Court of Appeal of Florida, First District.
February 24, 1970.
*22 Cotten, Shivers, Gwynn & Daniel, Tallahassee, Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for petitioners.
Ervin, Pennington, Varn & Jacobs, Tallahassee, for respondent.
WIGGINTON, Judge.
Petitioners, who are defendants in the trial court, seek review by certiorari of three interlocutory orders rendered in this common law action on the contention that they constitute departures from the essential requirements of law and will cause material injury to them throughout the remainder of the proceedings for which there will be no adequate remedy by appeal after judgment. For the reasons stated we exercise our discretion and entertain jurisdiction to consider and adjudicate the merits of the petition.[1]
This is a malpractice action in which plaintiff Kinderman claims damages for personal injuries suffered by him as a result of the alleged negligence of defendant Shipman, a medical doctor, committed in the administration of post-operative care. By his amended complaint plaintiff joined as an additional party defendant The Employers Fire Insurance Company, who had issued to Shipman a professional liability insurance policy insuring the latter against loss occasioned by his negligent performance of professional duties and obligations.
Defendants filed their motion to dismiss the complaint as to the liability insurance carrier on the ground that it failed to state a cause of action. The trial court's order denying this motion is one of the orders challenged in this proceeding. By the third defense incorporated in their answer to the complaint defendants allege that no cause of action accrued in favor of the plaintiff against the liability insurance carrier under the terms and provisions of the insurance policy issued by it to defendant Shipman. The trial court's order striking this defense is the second order sought to be reviewed in this proceeding. Plaintiff Kinderman thereupon filed a motion for an order requiring defendants Shipman and the insurance carrier to produce the policy of professional liability insurance issued by the company to its insured, Shipman, which motion was granted. The order granting this motion is the third and last order sought to be reviewed.
The primary question which we are called upon to resolve is whether a professional liability insurance carrier may be properly joined as a defendant in a suit brought against its insured for damages arising out of the alleged professional malpractice of the insured. Petitioners contend that on the basis of the settled law of this state the liability insurance carrier is not a proper party to the action and that the court erred in denying its motion to dismiss the complaint as to it, in striking its third defense and requiring it to produce its insurance policy for plaintiff's examination.[2] On the contrary, respondent urges that the liability insurance carrier is a proper party defendant in an action of this kind whose joinder as a real party in interest is authorized under the principles promulgated by the Supreme Court of this state in the case of Shingleton v. Bussey.[3] Petitioners contend that Shingleton v. Bussey constitutes a departure from the established principles of law long followed by the courts of this state and authorizes *23 joinder of liability insurance carriers in tort actions against their insureds only in cases involving automobile liability insurance, but in none other. Respondent argues that the Shingleton decision is not confined to automobile liability insurance policies alone, but is sufficiently broad to make the principles pronounced therein applicable to all forms of liability insurance, including that pertaining to motor vehicles.
This court has had the occasion to consider this question in the recent case of Beta Eta House Corporation, Inc. v. Gregory.[4] In the Gregory case we considered the propriety of joining as codefendant the premises liability insurance carrier of its insured owner and reached a decision consistent with that taken by the trial court in the case sub judice. We held that the clear import and effect of the decision rendered by the Supreme Court in Shingleton was to extend the rule adopted by this court in its initial consideration of the same case,[5] and to broaden its scope by authorizing the joinder as an additional defendant a liability insurance carrier who had theretofore issued a policy of liability insurance to the defendant insured, had complete control over the litigation and responsibility for payment of the costs and judgment. We held this principle to be applicable regardless of the particular type of liability insurance involved in a given case. Consistent with our decision in the Gregory case, supra, and the decision of the Supreme Court in Shingleton v. Bussey, supra, the several orders of the trial court reviewed herein are affirmed and the petition for writ of certiorari is denied.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Pullman Company v. Fleishel (Fla.App. 1958), 101 So.2d 188.
[2] City of Niceville v. Hardy (Fla.App. 1964), 160 So.2d 535; Pensacola Transit Company v. Denton (Fla.App. 1960), 119 So.2d 296; Ryan v. Noble, 95 Fla. 830, 116 So. 766.
[3] Shingleton v. Bussey (Fla. 1969), 223 So.2d 713.
[4] Beta Eta House Corporation, Inc. v. Gregory, Fla.App., 230 So.2d 495. Opinion filed January 20, 1970.
[5] Bussey v. Shingleton (Fla.App. 1968), 211 So.2d 593.