McNULTY, Judge.
In this negligence action the Suttons sued Gomez because of a rear-end collision, and they were awarded $7,700.00 by a jury verdict. The trial court granted defendant’s subsequent motion for a new trial and based his order solely upon an incident occurring on voir dire examination of a prospective juror. This appeal ensued.
The critical incident referred to above occurred when plaintiffs’ counsel was interrogating venireman Mills as follows:
“Q. Mr. Mills, what is your address, sir?
A. 2401 Morrison Avenue.
Q. And what is your occupation?
A. Life insurance.
Q. Life insurance?
A. Um-humm.
Q. Do you own stock in any corporation?
A. Yes.
Q. What type of industry do you own stock in?
A. Well, several. Real estate, industrial.
Q. Do you own stock in any insurance industry ?
A. Life insurance ?
Q. No, casualty insurance.
A. No.
Q. How long have you been in the life insurance business?
A. Five years.” [Italics supplied.]
At the close of this examination, the defendant moved for a mistrial on the ground that the issue of insurance was wrongfully and prejudicially injected into the minds of the jury. That motion was denied by the court, and the trial proceeded resulting in the aforementioned verdict.
Defendant Gomez raised the same grounds in his motion for new trial that he urged in his motion for mistrial as aforesaid; and the court, in granting the new trial, expressly found that he had theretofore “erred in not granting motion for mistrial.” The able trial judge set out his reasons therefor in a carefully prepared order in which he reviewed the cases he considered controlling.[1] Advisedly, from among them, he quoted from Judge Donald Carroll in City of Niceville v. Hardy,[2] thus assuring us that we are not alone in our Sisyphean labors in the premises:
“The * * * point raised * * * on this appeal is always difficult for trial and appellate courts to resolve — whether the injection of the idea of the insurance during the jury trial in an action for damages was such as to raise a presumption that the jury was unduly influenced or prejudiced thereby. This problem is compounded by the fact that any diligent researcher can compile an impressive list *727 of decisions in the reported cases in apparent support of either position on this question. * * * ”
From all the foregoing cases, however, we are compelled to a conclusion contrary to that reached by the trial judge.
We observe first, that the foundation sire of those cases is Ryan v. Noble ; [3]. and going back to that case we think the questions propounded by plaintiffs’ counsel in this case, and the sequence thereof in light of the respective responses thereto given by the venireman, were well within the permissible manner and scope of inquiry outlined in that case. It is true, as we said in Johnny Roberts, Inc. v. Owens,[4] that “[plaintiffs’ counsel who point-blank inject the question of insurance into a trial, * * * flirt with mistrial. * * * ” But no exact dialogue of a voir dire examination of veniremen in a given case can be foreseen; and trial counsel, at such time, should not be held to precise propriety at the peril of suffering a mistrial. Here, it was a spontaneous question prompted by a prior spontaneous response, and even then only after “insurance” had already, not improperly, been mentioned.
The trial judge’s role during jury selection, given a permissible line of interrogation, is really only to evaluate the conduct of counsel as to good faith and propriety in pursuing the inquiry. We think the proper test to be applied in these matters, assuming of course the nature and scope of the inquiry to be proper in the first instance, is whether the sequence of questions and answers which follow are propounded and given in apparent good faith, giving due regard to all the circumstances, and whether such interrogation is fairly and reasonably calculated to satisfy the ultimate purpose of such inquiry. That test was met in this case. Plaintiffs’ counsel had a right to ultimately determine whether the venireman under voir dire had an interest in the defendant’s corporate liability carrier. Pursuant to the proscribed rules suggested in Ryan, supra, he initiated a series of questions to that end. Following, as we’ve noted, an innocent, spontaneous response from the venireman as to what kind of insurance company counsel was referring to, counsel then expressly asked about “casualty insurance.” Even if it be conceded that counsel “jumped the gun”, we don’t think that at that stage of the inquiry it was such an injection of the subject of insurance into the minds of other jurors, if indeed insurance was not already in their minds, so as to unduly prejudice the defendant;[5] and certainly, there is nothing in the record to indicate, nor did the trial court find, that counsel intentionally and blatantly, in bad faith, “pointblank” injected insurance into the trial. The motion for mistrial was properly denied, and the court should not have reversed itself on the point in granting a new trial.
We note here, that in so reversing its position the trial court found that “ * * * the verdict reached by the jury in the light of the evidence clearly indicates that they were influenced by the injection of casualty insurance on the voir dire * * * ”, We do not construe this portion of the court’s ruling to be the equivalent of a finding that the verdict was "contrary to the manifest weight of the evidence.” If it were to be so construed then the granting of the new trial would be within another and broader genre of discretion, and, *728 accordingly, afforded more weight.[6] Rather, we consider such a finding as being merely the opinion of the court that the verdict, while supported by some evidence, was somewhat high in amount or somewhat surprising on the question of liability, though concededly not sufficiently so in either case as to require a new trial on either ground itself. The trial court apparently felt such observation in this regard was necessary to support his conclusion that the mention of insurance improperly “influenced” the jury.[7] In view of what we have concluded earlier, however, suffice it to say, as did our Supreme Court in Frazier v. Ewell Engineering and Contracting Co.:[8]
“The Court was not warranted in granting a new trial upon the ground that the asking of the questions to the jurors about insurance was prejudicial or influenced their verdict. If it is proper to ask the jury about their interest in an insurance company, then it cannot be said that the jury was improperly persuaded or influenced to render an excessive verdict because they had been asked a proper question.” [Italics supplied.]
Accordingly, we must reverse the order granting a new trial, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
HOBSON, C. J., and MANN, J., concur.

. See Blanton v. Butler (Fla.1955), 81 So.2d 745; Lambert v. Higgins (Fla. 1953), 63 So.2d 631; Ryan v. Noble (1928), 95 Fla. 830, 116 So. 766; Johnny Roberts, Inc. v. Owens (Fla.App.2d 1964), 168 So.2d 89; Holiday v. Hol-brook (Fla.App.lst 1964), 168 So.2d 752 and City of Niceville v. Hardy (Fla.App. 1st 1964), 160 So.2d 535.

. Id.

. (Fla.1928), 116 So. 766.

. See n. 1, supra.

. Indeed, since the expressions of our Supreme Court in Shingleton v. Bussey (Fla.1969), 223 So.2d 713, and because of the advanced state of our society in which liability coverage is so prevalent, the old fears of resulting prejudice to an insurer may no longer be valid. Thus the courts may not have to be so sensitive in attempting “to prevent prejudice to the insurer through the prophylactic effect of isolating from the jury’s consideration any knowledge that coverage for the insured exists.” See, Shingleton at p. 718.

.See, e. g., Cloud v. Fallis (Fla.1959), 110 So.2d 669; Lykes Brothers, Inc. v. Single-tary, Jr., et al. (Fla.App.2d 1966), 190 So. 2d 589 and Bello v. Angella (Fla.App.3d 1965), 171 So.2d 547. Also, compare National Western Life Insurance Co. v. Walters, et al. (Fla.App.3d 1968), 216 So.2d 485, referring to a narrower discretion when an alleged legal error, as distinguished from a mere exercise of discretion, is involved as here.

. Cf. City of Niceville v. Hardy, n. 2, supra, cited by the trial court, in which the court stated, “ * * * each decision depends upon the particular circumstances of that case, not only the precise setting in which the insurance idea was injected but also the verdict reached by the jury measured in the light of the evidence and the court’s instructions." [Italics supplied]

. (Fla.1952), 62 So.2d 51.