GERTRUDE GITTLEMAN, a widow, v. SARAH DIXON,
joined by her husband, LEO F. DIXON

4 So. (2nd) 859
Division B
Opinion Filed December 2, 1941

*George J. Baya,* for Plaintiff in Error;

*Robert C. Lane* and *Edward F. Boardman,* for Defendants in Error.

THOMAS, J.—The defendant-in-error recovered a verdict in the trial court for damages resulting from the collision of an automobile, in which she was riding as the guest, with a tree located at the side of the road distant about five feet from the pavement. The plaintiff-in-error, host and driver, claims error.

Actually the questions to be decided are whether the

declaration alleged and the evidence established such negligence on the part of the driver of the automobile as to support a verdict under the so-called "guest statute" (Chapter 18033, Laws of Florida, Acts of 1937).

It was charged in the declaration that the driver of the car was grossly negligent because of four acts performed by her while the automobile was in motion, namely, taking both hands from the steering wheel for a "protracted" period of time, as a result of which she lost control of its operation; placing her foot on the accelerator which caused the car to spurt with "terrific speed; turning her head and body toward the rear of the vehicle in order to adjust some packages which were on the rear floor and, negatively, failing to apply the brakes or heed the warning of her passenger. As a result of this conduct on her part, it was alleged, the car attained a speed greatly in excess of the limit of twenty-five miles per hour fixed by city ordinance, left the road out of control and crashed into a tree, resulting in serious and painful injuries to the defendant in error.

In support of this pleading it was developed by the witness, with slight discrepancy in the statements of those who testified for the respective parties, that the two ladies, host and guest, were returning from a shopping expedition. The former was quite corpulent, weighing two hundred and forty pounds, and, according to her own testimony, there was little space between her body and the steering wheel. In reply to the question whether she had ample room she said ". . . it was a close fit. It seems that the wheels were built very low in that car at that time." She was driving at the approximate speed of twenty-five miles

per hour when some bundles placed in the rear of the car became disarranged whereupon, with the car still in motion, she turned her whole body for the purpose of reaching into the back of the automobile to adjust them. In doing so she took one hand from the wheel and the other hand slipped, or was taken, from it; she turned her face away from the direction in which she was proceeding and put the pressure of her foot on the gasoline accelerator. Evidently, the contact of her body and the steering wheel caused the car to leave the road and with increased speed to crash headlong into a tree located entirely off the pavement.

It is quite clear from the testimony of the plaintiff in error, herself, that no effort was made on her part to stop the car or lessen its speed so that the packages could be rearranged for she testified that she had no "intention of stopping" and that she had her foot on the accelerator.

It cannot be disputed that it was necessary for the original plaintiff to allege and prove gross negligence in order to prevail in the suit. The plaintiff in error insists that she failed to meet the burden cast upon her and has cited many cases holding that mere error in judgment, momentary inattention, or loss of presence of mind cannot support a judgment where negligence in that degree must be proven.

It seems to us, however, that the conduct of the plaintiff in error on the particular occasion hardly falls in any one of these categories. It might be said, for instance, that there was momentary inattention in taking her gaze from the road to look in the rear of the car, or that the pressing of the accelerator was inadvertence, or that she was guilty of faulty judgment in the performance of one of these acts, or in

failing to apply the brakes, but her conduct for the whole period as alleged in the declaration and proven by the witnesses, in our opinion, shows gross negligence.

We apprehend that she had a conscious indifference to consequences when, knowing full well that she had little space because of her physical size to move without affecting the wheel, she twisted her whole body, released her grip and turned her back to the direction in which she was proceeding at a then rate approximating the limit fixed for the speed of vehicles. And more, she had no intention of applying the brakes even if she had none of pressing the accelerator. One of her experience in driving a car should have known that the probable result of such behavior would be dangerous if not disastrous.

Counsel for the plaintiff in error has insisted that the time which expired between the loss of control of the car and the collision could not have been "protracted" as alleged but with this position we cannot agree. It is true that one definition of that word is "long drawn out" but we think that in the circumstances described by the witnesses, having consideration for the speed of the car and what may easily happen to an automobile traveling a distance of thirty-five or fifty feet out of control, it cannot be said that the carelessness was momentary" as contrasted to "protracted." There was not such a variance between the testimony and the declaration as would justify disturbing the verdict.

A careful study of the record convinces us that the judgment of the circuit court should be—

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, J. J., concur.