GUSSIE ERLICHSTEIN, joined by her husband, NATHAN ERLICH-STEIN, and NATHAN ERLICHSTEIN, v. J. R. RONEY and GRACE RONEY, his wife.

20 So. (2nd) 254                                    June Term, 1944
December 12, 1944                                  Division A
Rehearing denied January 16, 1945

**334**

*Abe Aronovitz,* for appellants.

*Knight & Green* and *Knight, Underwood & Cullen,* for appellees.

ADAMS, J:

The plaintiff, a guest, sued to recover damages pursuant to Sec. 320.59, F.S. '41, F.S.A., commonly known as our guest statute. The lower court held the declaration bad on demurrer and entered judgment for the defendant.

On appeal here the question is whether the declaration is sufficient where it alleged in substance that the automobile in which plaintiff was a guest was operated at night in the City of Miami Beach at an unlawful rate of speed, to wit, 35 miles per hour, at a time when a dim out ordinance was in effect and the street lights were shaded; that just prior to reaching street intersection defendant, disregarding plaintiff's warning to look where she was going, looked to her left and did not observe a parked truck that was visible and parked near a city street light until it was too late to avoid the collision which caused plaintiff's injury.

In an ordinary action to recover damages for the negligent operation of an automobile we do not require a detailed statement of the facts constituting negligence. Where a guest sues pursuant to this statute, however, it is required that sufficient acts of neglect be stated to constitute a prima facie cause of action. The legal sufficiency of the detailed charge is necessarily difficult and has already been commented on by us. Shams v. Saportas, 152 Fla. 48, 10 So. 2nd 715; Jackson v. Edwards, 144 Fla. 187, 197 So. 833; Koger v. Hollahan, 144 Fla. 779, 198 So. 685; Cormier v. Williams,

148 Fla. 201, 4 So. 2nd 525; McMillian v. Nelson, 149 Fla. 334, 5 So. 2nd) 867. The effect of this statute was to alter the degree of negligence as a prerequisite to recovery. The degree of negligence is solely and exclusively a question for the jury subject to judicial review. See Nelson v. McMillian, 151 Fla. 847, 10 So. 2nd 565. The declaration must, however, state the facts from which the court can say that there is something more than ordinary negligence, but where that appears, as in this case, then a plea is required.

The judgment is reversed for further proceedings.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.