TERRELL, Acting Chief Justice.
Appellant brought this action against ap-pellees under Section 320.59, F.S.A. better known as the guest statute, to recover damages for personal injuries. Pursuant to final judgment on demurrer the third amended complaint was dismissed and the plaintiff appealed.
The only point with which we are concerned is the sufficiency of the complaint to state a cause of action, the pertinent part of which is summarized in question one as follows:
“That the defendant drove and operated an automobile at a speed in excess of 80 miles an hour at nighttime, in violation of the statutes; that the defendant failed and neglected to observe the highway ahead of him, though he knew it contained dangerous curves, and failed to heed the road signs warning him of the dangerous curves ahead of him and commanding him to slow down to 25 miles an hour; that the defendant failed to reduce the speed of 'his car to less than 80 miles per hour while attempting to traverse said dangerous curve, failed and refused to heed the warning and protests of the plaintiff .so he could get out and ride no farther with the defendant; and further alleged that the defendant attempted, while driving at a speed in in excess of 80 miles an hour, to traverse a sharp and dangerous ‘hairpin curve’ where road signs 'had been erected directing traffic to slow down to 25 miles per hour, and in so doing drove his car off the highway, down the embankment, and turned the car over three times, completely demolishing it and permanently injuring the plaintiff; and where the declaration further alleged that the plaintiff was permanently injured and disfigured as a direct and proximate result of the gross negligence of the defendant, did such declaration state a cause of action?”
We do not commend its rhetorical elegance but measured by the rule in Gittleman v. Dixon, 148 Fla. 583, 4 So.2d 859; Dexter v. Green, Fla., 55 So.2d 548; Shams v. Saportas, 152 Fla. 48, 10 So.2d 715 and others, we think the complaint stated a cause of action.
In this holding we do not overlook DeWald v. Quarnstrom, Fla., 60 So.2d 919; McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867; Orme v. Burr, 157 Fla. 378, 25 So.2d 870; and other cases relied on by appellee, *762 but we do not think they rule the case at bar.
The judgment is reversed with directions to reinstate the cause and proceed accordingly.
SEBRING and MATHEWS, JJ., and PARKS, Associate Justice, concur.