67 So.2d 201 (1953)
BROWN
v.
ROACH.
Supreme Court of Florida. Special Division B.
November 20, 1953.
Rehearing Denied January 7, 1954.
*202 Albert Datz and Charles A. Powers, Jacksonville, for appellant.
Osborne, Copp & Markham, Jacksonville, for appellee.
LOPEZ, Associate Justice.
This appeal involves the legal sufficiency of an amended complaint. The instant suit was brought under Section 320.59, Florida Statutes, F.S.A., by Wallace Brown, a guest passenger, against his host, James M. Roach, the owner and operator of an automobile. It was alleged that the automobile was being driven in a northerly direction on Main Street approximately one mile north of the city limits of Jacksonville, Florida, at 11:00 o'clock P.M. in the nighttime at a rate of speed within speed limits until it approached Trout River Bridge, which is 400 yards long and 16 feet wide, when defendant accelerated speed to 75 miles per hour and maintained said speed over and beyond said bridge through patches of fog in thick traffic over a distance of 1.2 miles, and upon leaving said bridge defendant almost collided with another automobile and plaintiff warned defendant; after which defendant's automobile came within 30 feet of an automobile going in the same direction as defendant, both of said automobiles being on a curve when defendant applied his brakes and turned his automobile so that the entire automobile was in the on-coming traffic lane and then and there collided with an on-coming automobile. The only issue here presented is whether plaintiff's amended complaint sufficiently stated a cause of action for "gross negligence or willful and wanton misconduct" on the part of the driver of the automobile within the meaning of Section 320.59, Florida Statutes, F.S.A.
Pertinent is the following portion of the amended complaint:
"2. At said time and place, Defendant was guilty of gross negligence, in that to-wit: Plaintiff and Defendant were the only occupants of said automobile and were traveling in a northerly direction at eleven o'clock P.M. in the nighttime at a rate of speed within the speed limits until they approached the Trout River Bridge which is approximately four hundred yards long and has a combined roadway approximately sixteen feet wide providing one lane of traffic in each direction, when Defendant accelerated the speed of said automobile to seventy-five miles per hour and maintained said speed over and beyond said bridge and through patches of fog, in thick traffic passing at least five automobiles going in the same direction as Defendant and at least five automobiles going in the opposite direction, over a distance of one and two-tenths miles. Upon leaving said bridge defendant almost collided with another automobile and plaintiff told defendant `that was a close shave, you'd better watch out' though plaintiff otherwise made no protest to the defendant. While traveling over said distance Defendant was talking to plaintiff and looking to and from the road until Defendant's automobile came within thirty feet of an automobile going in the same direction as Defendant, both of said cars being on a curve, when Defendant applied his brakes and then turned his automobile to the left on said curve so that the entire automobile was in the left-hand or oncoming lane of traffic, and then and there collided with a southbound or on-coming automobile. The degree of arc in said curve was such that the view along said road only extended 200 feet."
The defendant filed his motion to dismiss the amended complaint on the following grounds (1) that plaintiff's amended complaint failed to state a claim against the defendant upon which relief could be granted, and (2) that no sufficient allegations of gross negligence or wilful and wanton misconduct were alleged to meet the requirements of Section 320.59, Florida Statutes, F.S.A. It was the trial court's view and conclusion that the acts of negligence as charged in the amended complaint were legally insufficient to constitute gross negligence *203 and dismissed the amended complaint on said grounds (1) and (2). The plaintiff declined to plead further so a final judgment was entered for the defendant and plaintiff appealed.
The question of what constitutes "gross negligence or wilful and wanton misconduct of the owner or operator" of a motor vehicle has been before this court many times and this court is still committed to the rule that "gross negligence" and "wilful and wanton misconduct" are synonymous. Cormier v. Williams, 148 Fla. 201, 4 So.2d 525, Dexter v. Green, Fla., 55 So.2d 548; DeWald v. Quarnstrom, Fla., 60 So.2d 919. So, the act complained of must be of such character that the operator would know, or should know, that, by doing the act in the manner done and at the time alleged, he placed others in danger of injury. All the circumstances of each particular case, that is, every act or omission must be considered in determining whether liability exists. Hollander v. Davis, 5 Cir., 120 F.2d 131; McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867.
The distinction between simple or ordinary negligence and gross negligence has been defined by this court. DeWald v. Quarnstrom, Fla., 60 So.2d 919.
While this court has held and still holds that excessive speed alone is not sufficient to bring a case within Section 320.59, Florida Statutes, F.S.A., Orme v. Burr, 157 Fla. 378, 25 So.2d 870, we think that the amended complaint states sufficient facts to show a prima facie case of "gross negligence or wilful and wanton misconduct" on the part of the driver which warrants that the question or issue shall go before a jury. Dexter v. Green, supra; Erlichstein v. Roney, 155 Fla. 333, 20 So.2d 254.
For the reasons stated the judgment is reversed and the cause remanded for further proceedings consistent herewith.
ROBERTS, C.J., and THOMAS and DREW, JJ., concur.