120 So.2d 207 (1960)
Delores WILSON, Appellant,
v.
Delbert Pfaff EAGLE, Appellee.
No. 1458.
District Court of Appeal of Florida. Second District.
April 20, 1960.
Rehearing Denied May 20, 1960.
Bucklew, Ramsey & Phillips, Tampa, for appellant.
Carver, Langston & Massey, Lakeland, for appellee.
SMITH, FRANK A., Associate Judge.
This case was instituted in a complaint of three counts for recovery for injuries plaintiff received as a passenger in defendant's automobile. Upon motion the third count in gross negligence was dismissed while the attack upon the other counts was overruled. Trial was had and verdict adverse to plaintiff was rendered on these two counts and the case is here on appeal attacking the ruling dismissing the third count.
The evidence in the trial has been brought up, but cannot be considered upon this appeal which involves only the sufficiency of the third count. The plaintiff was a guest passenger who is only entitled *208 to recover if she was injured by gross negligence of defendant in operating his car.
In substance the allegations of this count are that the defendant had been driving his automobile on State Road No. 25 close to the right hand edge of the highway despite the presence of soft shoulders immediately adjacent thereto; the weather was rainy and the highway was slick; he had been driving at a rate of approximately fifty to fifty-five miles per hour, and that despite plaintiff's warnings he so continued to drive, reaching even sixty to sixty-five miles per hour and continued to drive extremely close to the right hand edge of the pavement even after he had at one time driven off the edge of the road; that as a result of the aforesaid careless driving the defendant let the right wheels run off of the pavement onto the soft shoulders at a point immediately north of the eventual turnover of the automobile in which upset she was injured.
The construction of our guest statute, F.S.A. § 320.59, has caused much difficulty ever since its enactment in 1937 both in regard to the sufficiency of allegations of a cause of action thereunder and in the trial thereof.
In the recent case of Carraway v. Revell, Fla. 1959, 116 So.2d 16, our Supreme Court fully dealt with this statute and its construction, there reviewing its history as reflected in numerous cases decided by it and our District Appellate Courts.
After quoting from several such opinions and discussing the holdings therein, the Court finally concluded by reaffirming its previous utterance in Bridges v. Speer, Fla. 1955, 79 So.2d 679, 682, as follows, to-wit:
"* * * We think the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or `clear and present' that negligence is gross, whereas other negligence would be simple negligence."
In the Bridges-Speer case, supra, after the Court's statement that gross negligence was such conduct as a reasonable and prudent man would know would probably and most likely (our italics) result in injury to persons or property, the court further qualified the course of conduct to be such that the likelihood of injury is known by the actor to be imminent (our italics) or "clear and present."
We find that the adjective "imminent" has been construed by various courts to mean threatening to occur immediately; near at hand, mediate rather than immediate, close rather than touching, impending, on point of happening, threatening and perilous; something to happen upon the instant; threatening, menacing, perilous. Holmes v. State, 1945, 199 Miss. 137, 24 So.2d 90, and Furlow v. State, 72 Fla. 464, 73 So. 362.
It is not alleged that defendant knew of the condition of the adjacent shoulders, although it is alleged that at one time he had driven off the edge of the road (construing it favorably to plaintiff it will be considered as referring to the edge of the pavement). According to the allegations the defendant must have driven a great distance in the manner described, but at what point, how long before or how far back, he had driven off the edge or what was the condition at such place, so that he would be put upon notice that as he continued to drive the shoulder along the side of the road was soft, is not averred.
*209 After carefully considering the allegations of the count in the light of the decisions heretofore mentioned, we have reached the conclusion that it fails to meet the test for a statement of a cause of action under our guest statute, hence the judgment of the lower court is affirmed.
ALLEN, C.J., and SHANNON, J., concur.