126 So.2d 163 (1961)
Leroy GODWIN, Appellant,
v.
Hugh R. RINGLEY, Appellee.
No. 1996.
District Court of Appeal of Florida. Second District.
January 20, 1961.
*164 Thomas P. Biondino, Tampa, for appellant.
Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellee.
KANNER, Acting Chief Judge.
The action with which this appeal is concerned was brought under the automobile guest statute, section 320.59, Florida Statutes, F.S.A.[1] In a summary proceeding, the trial judge favored the defendant, Hugh R. Ringley, with judgment.
For our determination is the question whether there existed any genuine issue of material fact so as to preclude the defendant from judgment as a matter of law on the charge of gross negligence. This calls for a scrutiny of the facts offered in the proceeding. There is some mention in the record of intoxication of the defendant, but the plaintiff concedes that the defendant was not intoxicated, so this phase is not involved on this appeal.
In essence, factually, the plaintiff and the defendant traveled together in a new 1959 Oldsmobile owned by the defendant to a ranch near Tampa to scout the prospects for game hunting. About nine o'clock in the evening, they went to a drivein restaurant in Tampa, thence at about ten thirty p.m., defendant drove off with the plaintiff as a passenger. Several blocks from the restaurant, as these two proceeded on Highway 41, an arterial route also known as Nebraska Avenue, a collision with a truck occurred.
It is the statement of the defendant taken while he was in the hospital after the accident that furnishes the evidence, in the main, for the claimed gross negligence relied upon by the plaintiff. In this statement, defendant estimated that at the time of the accident he was traveling about sixty miles per hour and further said that the only recollection he had was that he ran off the road to the right side, and in attempting to get back on the road, with the new power steering, he ran the automobile into the path of the truck in the southbound *165 lane of the highway. He also stated that it was dark at the time but that the weather was clear and the pavement dry, that he had his lights on, and that he did not recall seeing the truck before the accident. Responding to the question as to whether his going off the side of the road caused the accident, the defendant replied that it was the power steering of the newly acquired car which, since he was not accustomed to using it, precipitated the accident, explaining thus, "* * * when I jerked it back up on the road that power steering let it get away from me." We see that the defendant attributes the accident to his unfamiliarity with power steering of his newly acquired automobile.
Under the guest statute, a guest passenger cannot lawfully recover from an owner or operator of a motor vehicle for simple or ordinary negligence. In order for one to be entitled to recovery, gross negligence must be established. The Supreme Court in the case of Carraway v. Revell, Fla. 1959, 116 So.2d 16, by reaffirming what it had said in Bridges v. Speer, Fla. 1955, 79 So.2d 679, 682, has defined gross negligence, as it is contemplated by the automobile guest statute, as "that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or `clear and present' that negligence is gross, whereas other negligence would be simple negligence."
The evidence falls short of meeting the test prescribed. Refer also to the case of Wilson v. Eagle, Fla.App. 1960, 120 So.2d 207, as applied to the instant factual situation. The trial judge was eminently correct in rendering the summary judgment.
Affirmed.
SHANNON, J., and MORROW, R.O., Associate Judge, concur.
NOTES
[1] "Liability to guest or passenger.  No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; * * *"