157 So.2d 431 (1963)
ANNA FRANK, APPELLANT,
v.
LEAH LURIE, APPELLEE.
KATIE PERLMAN, APPELLANT,
v.
LEAH LURIE, APPELLEE.
Nos. 3709, 3710.
District Court of Appeal of Florida, Second District.
November 1, 1963.
*433 L. David Shear, Tampa, for appellants.
William C. Blake, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
WHITE, Judge.
The appellants were plaintiffs in substantially identical personal injury suits against the same defendant, and the two cases were consolidated. These appeals are from orders granting motions to dismiss the second amended complaints with prejudice for failure to state causes of action, the plaintiffs having declined to plead further. The complaints in question purportedly charged the defendant with gross negligence within the purview of the guest statute, F.S. § 320.59, F.S.A., the charging portions of the complaints being essentially the same.
It was alleged in substance that on a dark night defendant Leah Lurie placed her automobile in a parked position on a private driveway off a public street and kept the engine running; that the plaintiffs entered the automobile as guest passengers; that the defendant was in her middle 70s and, due to her age, had slower reactions and less perceptive mental processes than if she were younger; that while the engine of her car was running she attempted to indicate to the plaintiffs the location of the light inside the car and, in the process, removed her hands from the steering wheel and directed her attention to the rear by turning her head and body.
The complaints then alleged that the defendant "in apparent confusion," while engaged as last stated, accelerated the car instead of applying or holding the brakes and the car spurted forward into the street across curb and sidewalk and into a parking area, striking a concrete block structure about 50 feet from where it started, and the plaintiffs consequently were injured. It was alleged additionally that the defendant failed to take affirmative action to brake the car; that she was an experienced driver and was also a retired medical doctor who "must have known the result or consequences of an individual of her age and capacity doing the act alleged." The complaints contained the usual averments to the effect that the described acts of the defendant constituted gross negligence or wilful and wanton misconduct.
The question before the trial court was one of pleading and therefore a question of law. Did the amended complaints effectively allege the requisite gross negligence? The answer hinges upon the sufficiency of the well pleaded allegations of fact, which of course excludes bare conclusions of the pleader. Koger v. Hollahan, 1940, 144 Fla. 779, 198 So. 685, 688, 131 A.L.R. 886. It is clearly the rule that if a complaint of this kind is to be held good it must fairly appear internally, from the complaint itself, that the defendant's course of conduct was of the gross or wilful and wanton character sought to be charged. Evidence need not be pleaded, but allegations amounting only to ordinary negligence are not enough. See Carraway v. Revell, Fla. 1959, 116 So.2d 16; Bridges v. Speer, Fla. 1955, 79 So.2d 679. The burden of pleading is accordingly more meticulous than in ordinary negligence cases which permit a more general mode of pleading. Erlichstein v. Roney, 1944, 155 Fla. 333, 20 So.2d 254; 3 Fla.Jur., Automobiles, etc., § 124.
The trial court's dismissal of these complaints was tantamount to holding that gross negligence or wilful and wanton misconduct was neither apparent nor reasonably inferable from the specific facts alleged. We agree. The plaintiffs alleged an unfortunate mishap ostensibly due to negligence of the defendant, but they alleged no more than ordinary negligence.
Gross negligence within the meaning of the guest statute has been defined as that course of conduct which a reasonable and prudent person would know would *434 probably and most likely result in injury to persons or property, while simple negligence is that course of conduct which a reasonable and prudent person would know might possibly result in injuries to persons or property. Carraway v. Revell, supra; Bridges v. Speer, supra; DeWald v. Quarnstrom, Fla. 1952, 60 So.2d 919. Put in another way, gross negligence is that course of conduct where the likelihood of injury is known by the actor to be "imminent" or "clear and present." Wilson v. Eagle, Fla.App. 1960, 120 So.2d 207, 208; Bridges v. Speer, supra. Gross negligence in this connection has also been defined as that degree of negligence which lies in the area between ordinary negligence and the wilful and wanton misconduct sufficient to support judgment for punitive damages or a conviction for manslaughter. Carraway v. Revell, supra; Reynolds v. Aument, Fla. App. 1961, 133 So.2d 562.
The plaintiffs rely primarily on Gittleman v. Dixon, 1941, 148 Fla. 583, 4 So.2d 859, where the driver of an automobile appealed a judgment rendered for her guest. In that case the defendant was actually driving on a public highway when she deliberately turned her body to adjust some packages on the rear floor of the car. In so doing she took both hands off the steering wheel for a protracted period of time and failed to heed plaintiff's warning. She lost control of the vehicle and placed her foot on the accelerator causing the vehicle to spurt forward at terrific speed with the result that it left the road and crashed into a tree. Judgment on verdict for the guest was affirmed.
Notwithstanding points of similarity between Gittleman v. Dixon, supra, and the allegations of the instant complaints, there are material distinctions. In the Gittleman case the first act of the defendant which allegedly constituted gross negligence occurred while the defendant had her car in motion on a public highway. In that situation she deliberately took her hands from the wheel for a considerable period of time to adjust packages on the rear floor of the car and intentionally kept the car in motion despite the warning of her guest passenger. At this juncture we would point out that we have personally examined the complaint in the Gittleman case since the opinion does not purport to detail all of the allegations of the complaint, and we emphasize that the complaint did allege specifically that the defendant failed to heed plaintiff's warning.
In the present case, on the other hand, the defendant was alleged to have had her car in a parked position in a private driveway when the negligent act occurred, and there apparently was no failure to heed any warning given by the plaintiffs since no such warning was alleged. Moreover the instant complaints allege that the defendant "* * * in her apparent confusion * * * lost control of the operation of said vehicle by placing her foot on the accelerator * * * instead of applying the brake * * *." This statement negatives the essential predicate of wilful or wanton misconduct or gross negligence on the part of the defendant. It makes the general averment of gross negligence a conclusion unsupported by averments of fact from which gross negligence might reasonably be inferred.
The amended complaints do not disclose how the defendant's car got into gear, whether accidentally or whether the defendant parked the car in gear with the engine running or whether the defendant placed the car in gear at all. It is not alleged that defendant's foot was on the accelerator before she turned to indicate the light or that her turning movement caused "the apparent confusion" which caused her to lose control of the vehicle. In short, there is no allegation of any act or omission reflecting gross recklessness or a conscious disregard of consequences. It is notable that defendant's car is alleged to have traveled not more than three or four car lengths.
Here, as stated previously, the host was indicating the location of the car light to her passengers as the latter were entering *435 the vehicle. In Kaplan v. Taub, Fla.App. 1958, 104 So.2d 882, the host driver parked her automobile in reverse gear with the emergency brake on and the motor running. When the guest opened the door, preparing to enter the vehicle, the driver intentionally released the brake causing the car to be propelled backward at a high rate of speed injuring the guest. In affirming summary judgment for the defendant the court observed that, although the driver's actions were imprudent, they did not constitute gross negligence or wilful and wanton misconduct.
Martin v. Clum, Fla.App. 1962, 142 So.2d 149, cited by the plaintiff, has no application here. In that case the defendant knew that the car brakes were wet and wholly inoperable and the defendant should have known that driving at an excessive speed under the known circumstances would probably cause injury to persons or property. Conversely, conduct amounting to mere misjudgment in driving or some momentary lapse of the driver will not, without more, impose liability under the guest statute. Orme v. Burr, 1946, 157 Fla. 378, 392, 25 So.2d 870; O'Reilly v. Sattler, 1940, 141 Fla. 770, 773, 193 So. 817.
In Budd v. Caswell, Fla.App. 1958, 100 So.2d 85, also cited by the plaintiffs, the defendant accelerated his automobile in a private parking area through a driveway at 40 miles per hour without stopping for an arterial highway, and we properly held that the question of gross negligence was for the jury. That case involved intentional acts of the driver; and while specific intent is not a necessary component of gross negligence, negligent acts are not gross unless they reflect recklessness over and beyond ordinary negligence.
The conclusion is that the trial court did not err in holding that the second amended complaints failed to state causes of action.
Affirmed.
ALLEN, Acting C.J., and SHANNON, J., concur.