168 So.2d 177 (1964)
William G. FOY, Appellant,
v.
Richard T. FLEMING, Appellee.
No. F-171.
District Court of Appeal of Florida. First District.
October 22, 1964.
Boyd, Jenerette & Leemis, Jacksonville, for appellant.
Mathews, Osborne & Ehrlich, Jacksonville, for appellee.
RAWLS, Judge.
Appellant-Plaintiff William G. Foy, a guest passenger in an automobile owned and being driven by his friend, Appellee-Defendant Richard T. Fleming, was injured in an accident which occurred around 11:00 P.M. on Roosevelt Boulevard, Jacksonville, Florida. Plaintiff appeals a summary final judgment entered by the trial judge in favor of defendant.
The sole question is whether the proofs presented to the trial court fail to disclose an issue of material fact which would constitute gross negligence.
Plaintiff's complaint charged defendant with gross negligence as follows:
"The defendant did then and there drive his automobile in a grossly careless manner and in wanton disregard of the safety of others on the highway, including the plaintiff, William G. Foy, in the following manner: Although seeing or having plainly visible to him red warning lights on the rear of a truck stopped upon the highway ahead of him and belonging to one John H. Wills, the defendant in the nighttime, but with clear visibility and without the *178 slightest necessity or justification for so doing, drove at a dangerous rate of speed under the conditions then existing and in excess of the 45 miles per hour legal limit then and there in effect; and, although having time and opportunity to avoid collision for a distance of more than a city block, and knowing or having reason to know that the truck of the said John H. Wills was stopped on the highway ahead of him, the defendant nevertheless proceeded at said dangerous rate of speed in a straight line directly toward the lighted rear end of the truck and disregarding the warning thereof and without veering to avoid the collision and without slackening his speed or applying his brakes, drove into the rear of the truck with great force and violence."
The trial court in denying defendant's motion to dismiss for failure to state a cause of action held that the foregoing allegations were sufficient to charge defendant with gross negligence.
Subsequently, defendant moved for a summary final judgment based upon the depositions of the parties, and it is upon these proofs that the trial judge bottomed the instant judgment. Construing the facts contained in these depositions in plaintiff's favor, as we must do in a summary final judgment proceeding, we find:
1. Defendant was driving from 55 to 60 miles per hour in a 45 mile per hour speed zone.
2. Defendant was wearing new bifocal glasses which he had obtained about one week prior to the accident and was encountering difficulty in adjusting his eyes to them.
3. Defendant saw lights on the stopped truck more than a block away, but failed to slow down until he was half a car length from it.
4. Defendant's explanation for not slowing down and timely stopping was that he mistook the two red lights which were located high on the stakebody truck to be similar lights which were situated on a bridge about one-half of a mile beyond the point where the accident occurred.
We now compare the allegations in the complaint with the proofs.
The complaint alleges that defendant was grossly negligent by not seeing the warning lights located on the truck. Defendant admits that he saw said lights more than a block away and did not reduce the speed of his automobile. Plaintiff alleged defendant was traveling at a dangerous rate of speed in excess of the 45 mile legal limit. Defendant testified that he was driving "50 to 60" miles per hour; the complaint alleges that defendant proceeded at a dangerous rate of speed in a straight line and without slackening his speed or applying his brakes, drove into the rear of the truck with great force and violence. The defendant further testified on his deposition that he was "* * * half a car length when I realized that was a truck sitting in front of me then." Thus, each material allegation of plaintiff's complaint has been substantiated and the complaint having stated a cause of action, we conclude that Plaintiff made out a prima facie case.
Thousands of pages have been written by the appellate courts of this state in their efforts to draw a line between gross and simple negligence for the guidance of the bench and the bar. The trial judge in the case sub judice stated the rule as:
"`the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property.' Bridges v. Speer (Fla. *179 1955) 79 So.2d 679. 3 Fla.Jur., Automobiles and Other Motors Vehicles, Section 124, page 602."
Defendant submits that the appropriate rule is whether "* * * the driver, at the time and place, knew that his driving `would probably and most likely result in injury to persons or property or that the likelihood of injury to other persons or property' was known by the driver `to be imminent or clear and present'. Bridges v. Speer, Fla., 79 So.2d 679." (Emphasis supplied.) And plaintiff contends that in doubtful cases, the question of whether the negligence is ordinary or gross is one which should be submitted to the jury. Douglass v. Galvin, 130 So.2d 282 (Fla.App.2d 1961). We have no quarrel with the cited principles of law, for each of them is sound. As is not unusual, it is the application of same that presents the problem that now confronts us.
Faircloth v. Hill, 85 So.2d 870 (Fla., 1956), is a case of close factual similarity to those facts admitted by the summary judgment in the instant cause. In the Faircloth case it was alleged that the defendant Hill drove his automobile at a speed of 70 miles per hour for a distance of more than 1800 feet while a well-lighted parked truck was plainly visible but did not apply his brakes until he was only 20 feet away from the parked truck. In holding that such allegations stated a cause of action sounding in gross negligence, the Supreme Court stated:
"Appellee contends that the collision could have resulted from some momentary lapse or error in judgment on the part of the driver of the automobile. While these might be defensive matters that could be submitted to a jury in defense of the claim of gross negligence, we cannot infer them from the allegations of the complaint. So far as the complaint reveals, this tragic collision could have been avoided by the exercise of `slight care' on the part of the driver of the automobile and it appearing from the allegations that he failed to exercise the slightest degree of care commensurate with the circumstances, the complaint was at least sufficient to charge gross negligence within the limits of our prior decisions. See Shams v. Saportas, 152 Fla. 48, 10 So.2d 715; De Wald v. Quarnstrom, Fla. 1952, 60 So.2d 919; Brown v. Roach, Fla. 1954, 67 So.2d 201; Weiss v. Kamen, Fla. 1953, 67 So.2d 761; Schneider v. Saxon, Fla. 1955, 82 So.2d 501; Dexter v. Green, Fla. 1951, 55 So.2d 548." (Emphasis supplied.)
Our Supreme Court has repeatedly held that where the line separating simple and gross negligence is indistinct that the wise course to follow is one which leaves the question to the jury. In Carraway v. Revell, 112 So.2d 71 (1959), this court held that the character of negligence necessary to constitute gross negligence is the same as that necessary to sustain a conviction of manslaughter. The Supreme Court (116 So.2d 16), in overruling this court's opinion in Carraway held:
"We hold that a guest under the statute may not lawfully recover from an owner or operator of a vehicle for simple or ordinary negligence; that he may recover for gross negligence which is that kind or degree of negligence which lies in the area between ordinary negligence and wilful and wanton misconduct sufficient to support a judgment for exemplary or punitive damages or a conviction for manslaughter. In doubtful cases, the question of whether such negligence is ordinary or gross is, as we have heretofore held, one which under appropriate instructions should be submitted to the jury." (Emphasis supplied.)
We now examine the posture of the instant cause. As noted above by sustaining plaintiff's complaint the trial judge concluded, and we agree, that the allegations therein contained stated a cause of *180 action. In granting the summary final judgment the trial judge stated:
"The defendant first thought the red lights on the rear of the truck were from the bridge just ahead and when he realized what it was he didn't even have time to apply the brakes before the car came into collision with the rear end of the truck."
Thus, it appears that the trial judge accepted defendant's explanation of why he drove into the rear end of the truck under the circumstances, and concluded that this explanation reduced the gross negligence to that of simple negligence. It is not the prerogative of the court in this instance to penetrate defendant's mind. That function is one for the jury. Once it is shown that a question of fact exists as to the grossness of negligence being present, it then becomes the duty of the jury to evaluate defendant's explanation. [See Stark v. Vasquez, Supreme Court of Florida, 168 So.2d 140, filed September 30, 1964, and cases cited therein.]
We hold that the trial judge erred in entering the summary judgment for defendant. The judgment is reversed for further proceedings in accordance with this opinion.
Reversed.
STURGIS, C.J., concurs, and WIGGINTON, J., dissents.
WIGGINTON, Judge (dissenting).
I am unable to agree that the facts which were before the trial judge at the hearing on appellee's motion for summary judgment, when construed in a light most favorable to plaintiff, were sufficient to raise an issue of gross negligence to be resolved by the jury. The facts, at best, show that defendant was guilty of a mistake of judgment. He mistook red lights on the top of a high stake body truck to be the lights on a bridge which he knew he was approaching. Although he was traveling in excess of the speed limit, the geographical line which separated the speed he was traveling from that of a lawful speed to an unlawful speed was crossed only a short distance prior to the collision. A careful review of the evidence leads to the inescapable conclusion that defendant's conduct was not such as would lead a reasonable person to know that it would probably and most likely result in injury to himself and to his good friend, the plaintiff, who was riding in the car with him. The evidence falls far short of measuring up to that standard which constitutes gross negligence under the guest statute as defined by our Supreme Court in Bridges v. Speer, (Fla. 1955) 79 So.2d 679, and Carraway v. Revell, (Fla. 1959) 116 So.2d 16. I would affirm the summary judgment appealed.