174 So.2d 600 (1965)
Frances S. GOODIS, Appellant,
v.
Sarah FINKELSTEIN and Moe Finkelstein, her husband, Appellees.
No. 64-654.
District Court of Appeal of Florida. Third District.
April 27, 1965.
Rehearing Denied May 19, 1965.
*601 Fowler, White, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellant.
Charles H. Greenberg, Miami Beach, for appellees.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
TILLMAN PEARSON, Judge.
The appellant, Frances S. Goodis, brings for review a final judgment based upon a jury verdict. She was the defendant in the trial court and the appellee, Sarah Finkelstein, was a plaintiff who was a guest passenger in Mrs. Goodis' car. The appellee, Sarah Finkelstein, was injured when the car struck a utility pole. Her action was based upon an allegation of gross negligence, and the determinative question here is the sufficiency of the evidence to support the jury's finding that gross negligence existed under the circumstances. We hold the evidence sufficient and affirm.
The issue of the existence of gross negligence upon a given series of events is primarily for the jury. The courts in defining the statutory term (See § 320.59 Fla. Stat., F.S.A.) have the problem of setting the extent beyond which the jury may not go in applying the jury's definition of the term. In our attempt to determine whether the jury has transgressed the established law in its application of the facts that it found, we must carefully state the facts in order to give the verdict the benefit of every reasonable view and inference which the jury may have intended.
At the time of the collision Mrs. Goodis was driving Sarah Finkelstein to visit a mutual friend. As they approached the intersection of Byron Avenue and 82nd Terrace on Miami Beach, the car went completely out of control, crossed the oncoming lane of traffic and collided with a utility pole located on the opposite side of the avenue resulting in serious injury to both occupants.
A Miami Beach police officer who came to render assistance and first aid, overheard Mrs. Goodis exclaim upon her regaining consciousness: "Oh my God, I must have passed out again! I thought this would happen." Mrs. Goodis also testified at the trial that she had blacked-out at the time of the accident and did not recall the impact taking place.
For three and one-half years prior to the day she lost control of her car, Mrs. Goodis had suffered from hypertensive cardiovascular disease as a result of persistently elevated blood pressure. In 1959 she went to a physician complaining of headaches and that she "felt a little dizzy once in awhile." A medication was prescribed for her to take periodically to relieve her symptoms. Subsequently, occasionally in the morning she "would feel a little light-headed, weak or faint" and would take the medication, stay at home and rest.
Mrs. Goodis had driven a car for eight years and not until this occasion did she experience any difficulty in driving because of her physical condition nor did her physician ever suggest or instruct her not to drive.
About one month before the day in question Mrs. Goodis was shopping in a department store in Miami when she became a "little dizzy" and had to sit down. She did not lose consciousness but "knew what was going on." After about five minutes of rest and a drink of water she felt well enough to continue with her shopping. She did not mention the incident to her doctor.
On the morning that Mrs. Goodis lost control of her car she had taken the medication *602 which was prescribed to relieve her high blood pressure but she indicated that she was feeling all right that morning.
The complaint alleged that the defendant was operating her vehicle with notice and knowledge that she might suddenly lose her power to control an automobile so as to constitute a conscious indifference to the rights and safety of others.
Appellant's first point concerns the admissibility of certain evidence; therefore, it must be discussed in order to determine the entirety of the evidence properly considered by the jury. It is contended that the statement made to the police officer "I must have passed out again! I though this would happen!" was a part of an oral report made to a police officer having jurisdiction over the accident, and therefore privileged under § 317.171 Fla. Stat., F.S.A.[1]
We hold that the statement of appellant made at the scene of the collision was properly admitted in evidence by the trial judge, because it was not an "accident report" within the meaning of the statute. The statement was admissible as a declaration which was a part of the res gestae and as an admission against interest. Foster v. Thorton, 125 Fla. 699, 170 So. 459 (1936); Bowen v. Keen, 154 Fla. 161, 17 So.2d 706 (1944). 13 Fla.Jur., Evidence § 272; Coons v. Pritchard, 69 Fla. 362, 68 So. 225, L.R.A. 1915F, 558 (1915); Taylor v. Cory, Fla. 1953, 53 So.2d 820, 13 Fla.Jur., Evidence § 218. We need not discuss these rules of evidence because the appellant does not question their application to this factual situation but relies upon the statutory exception. Nor do we discuss appellee's position that the statement was made to an officer who was not the "investigating officer" because we think that position is untenable in view of the holdings in Ippolito v. Brener, Fla. 1956, 89 So.2d 650, and Nash Miami Motors, Inc. v. Ellsworth, Fla. App. 1961, 129 So.2d 704. This latter determination is not a part of our decision because we hold the statement admissible upon the ground that it was not an accident report.
Stevens v. Duke, Fla. 1949, 42 So.2d 361, held that the oral statements made by a driver in answer to questions propounded to him by a Florida Highway Patrolman were privileged. It may reasonably be assumed (and for the purpose of this decision we do assume) that when the statements are made in the nature of a report to a police officer the actual propounding of questions by the officer is not an essential of the privilege to the communication. Accord Herbert v. Garner, Fla. 1955, 78 So.2d 727.
To bring to notice the distinction we rely upon, we return to the cases which declared the basis of the exclusion provided by the statute. In Stevens v. Duke, supra, it was pointed out
"* * * When the circumstances under which the signed statement was procured are considered, we think that it would have constituted a violation of the statute to have held that though *603 the written statement signed by the driver was privileged, the oral statements shown by the evidence to have formed the basis for the written statement do not enjoy such immunity." [Emphasis supplied.]
In Herbert v. Garner, supra, the holding expressly included the circumstances under which the statement was given: "the testimony of witnesses who may have overheard the driver * * * making an oral report to the patrolman * * *."
Can it be said that Mrs. Goodis' statement "O my God, I must have passed out again! I thought this would happen!" made immediately upon regaining consciousness and while still in a state of shock, was a report to the officer? We think not. Further, only the word "I must have passed out" could have had any relevancy to such a report. It is noted in passing that this portion of the statement was voluntarily reiterated on the stand at the trial. The significant part of the statement was the admission against interest that she had passed out before and she realized that an accident might be caused by her physical condition. This latter portion of the statement had no relevancy as to how the accident happened. The circumstances under which it was made negative the application of the statute.
Appellant's points directed to the sufficiency of the evidence first urge that the evidence did not show knowledge by the defendant of her unfitness to drive. It is recognized that a loss of consciousness while driving is a complete defense if such loss was not foreseeable. Baker v. Hausman, Fla. 1953, 68 So.2d 572; Williams v. Frohock, Fla.App. 1959, 114 So.2d 221; Malcolm v. Patrick, Fla.App. 1962, 147 So.2d 188. The last cited case fully discusses the preceding ones, adequately stating the law in this jurisdiction.
We have in the instant case the fact, not present in Malcolm v. Patrick, supra, that it was necessary for the appellee to prove gross negligence. The guide to be followed in making a determination as to gross negligence has been set out by our Supreme Court in Bridges v. Speer, Fla. 1955, 79 So.2d 679: "gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property * * *." See also Wilson v. Eagle, Fla.App. 1960, 120 So.2d 207; Godwin v. Ringley, Fla.App. 1961, 126 So.2d 163; Frank v. Lurie, Fla.App. 1963, 157 So.2d 431.
Therefore, we must test the record to see if it reveals sufficient facts for the jury to find a knowledge by the appellant that her condition was such that she knew or should have known that driving an automobile would probably and most likely result in injury. The evidence is insufficient to establish a constructive knowledge of the appellant of such a condition. In many respects the case under consideration is similar to Williams v. Frohock, Fla.App. 1959, 114 So.2d 221. In the Frohock case the defendant had suffered loss of consciousness several times before, but never while driving. The defendant, driver, was also under the care of a physician who had not advised him not to drive. We would feel constrained to hold that the holding in Williams v. Frohock governed the decision in this case if it were not that there was a reasonable basis in the record for the jury in the instant case to find that the appellant here had actual knowledge that for her to drive an automobile would probably and most likely result in injury. Her statement to the officer was an admission upon which the jury could reasonably find that she realized that in all good sense she ought not to drive.
Appellant also contends that the trial court improperly charged the jury in several instances. We have reviewed the record and find that the issues presented were adequately covered by the instructions given. Crews v. Warren, Fla.App. 1963, 157 So.2d 553.
*604 Other points raised have been shown to constitute at the most harmless error. Wall v. Little, 102 Fla. 1015, 136 So. 676 (1931); § 54.23 Fla. Stat., F.S.A.
Affirmed.
NOTES
[1] Section 317.171, Fla. Stat., F.S.A. provides:

"Accident reports confidential.  All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or, upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirements that such a report be made to the department."