**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Eugene KURLE, Defendant and Appellant.**

**Crim. No. 1162.**

Supreme Court of North Dakota.

July 16, 1986.

Walter M. Lipp, State's Atty., McClusky, on brief, for plaintiff and appellee.

A. William Lucas, of Lundberg, Nodland, Lucas & Schulz, Bismarck, for defendant and appellant.

VANDE WALLE, Justice.

Eugene Kurle appealed from a judgment of conviction of the Sheridan County Court for menacing. Kurle argues that the evidence is insufficient to support the trial court's finding of guilt.[1] We reverse.

When a defendant alleges on appeal that the evidence is insufficient to sustain a conviction, " 'we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction.' " *State v. Mertz,* 362 N.W.2d 410, 414 (N.D.1985), quoting *State v. Manke,* 328 N.W.2d 799, 805 (N.D.1982).

The facts generally are not in dispute, and where there is a relevant difference of opinion Kurle accepts the prosecution's version for the purpose of this appeal. The actions upon which the charge is based are derived from a long-standing family dispute between Kurle and his sisters involving, at least at first, their parents' division of property among the children. The differences between Kurle and his sisters have expanded to include the sisters' husbands.

As Kurle was checking his fields on November 10, 1985, he noticed a parked vehicle next to one of his sunflower fields. He discovered, upon investigation, that his brother-in-law, Jim Ehler, and one of Ehler's friends, Bob Gabel, were hunting deer on Kurle's property; Gabel explained that they were looking for a deer which may have been wounded and escaped into Kurle's field. An argument ensued as to whether Ehler and Gabel could be on Kurle's property, and blows were exchanged between Ehler and Kurle as well

---

1. Due to our resolution of this case, it is unnecessary to consider the issue of whether the complaint was defective.

as between Gabel and Kurle. At the end of the fight, Kurle—as he was leaving—allegedly said, "You have people here now, but when you are up here alone, we will get you."

Kurle was charged with menacing under Section 12.1–17–05, N.D.C.C., which states:

"A person is guilty of a class A misdemeanor if he knowingly places or attempts to place another human being in fear by menacing him *with imminent serious bodily injury.*" [Emphasis added.]

Kurle argues that, among other things, the facts do not demonstrate an *imminent* threat of serious bodily injury. We agree.

According to Black's Law Dictionary, "imminent" means "[n]ear at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." "Imminent" has also been defined as:

"dangerous and close at hand, impending, and liable to, or threatening to, happen at once, as some calamity; that which denotes that something is ready to fall or happen on the instant. The word 'imminent' conveys usually some idea of 'immediate,' of something to happen 'upon the instant;' but conceding this to be so in a general sense, yet it does not mean an instant consummation." 42 C.J.S. *Imminent.* [Footnotes deleted.]

As the Court of Appeals of Tennessee recently stated, "Imminent means close in point of time, but closeness is likewise a term of many degrees, according to the circumstances." *State Dept. of Hum. Serv. v. Northern,* 563 S.W.2d 197 (Tenn. App.), *appeal dismissed as moot,* 436 U.S. 923, 98 S.Ct. 2816, 56 L.Ed.2d 767 (1978). See also, e.g., *Continental Illinois Nat.*

*Bank & Trust Co. of Chicago v. United States,* 504 F.2d 586 (7th Cir.1974); *People v. Victor,* 62 Cal.2d 280, 42 Cal.Rptr. 199, 398 P.2d 391 (1965); *Wilson v. Eagle,* 120 So.2d 207 (Fla.App.1960).

 Because the State is required to prove each of the elements of the offense charged beyond a reasonable doubt [*State v. Hatch,* 346 N.W.2d 268 (N.D.1984)], we must necessarily determine if the record contains competent and substantial evidence upon which the trial court could have reasonably concluded that each of the essential elements of the offense had been met. See, e.g., *State v. Olson,* 290 N.W.2d 664 (N.D.1980). In this case, Kurle's words—"when you are up here alone, we will get you"—speak to the future and do not denote sufficient immediacy.[2] And, taken in context, no aspect of immediacy may be inferred: Kurle made the statement as he was leaving the scene; in addition, Kurle, unlike one of his antagonists, was unarmed.

Under our construction of the word "imminent," it is apparent that the set of facts, about which neither party has serious disagreement, does not support the conclusion that the threat of serious bodily injury was imminent. Although each of the individuals involved in this dispute may be guilty of another offense,[3] the record fails to exhibit even the possibility of imminent serious bodily injury and therefore cannot support the conviction for menacing under Section 12.1–17–05.[4]

The judgment of conviction is reversed and we remand the case to the trial court with instructions to vacate the judgment and enter judgment of acquittal. *State v. Oasheim,* 353 N.W.2d 291 (N.D.1984);

**2.** See Justice Field's definition of "imminent danger" in *United States v. Outerbridge,* 27 Fed. Cas. No. 15,978 (C.C.Cal.1868): "By imminent danger is meant immediate danger—one that must be instantly met; one that can not be guarded against by calling on the assistance of others or the protection of the law."

**3.** See, e.g., N.D.C.C. Sections 12.1–17–01 (simple assault), 12.1–17–01.1 (assault), 12.1–17–02 (ag-

gravated assault), and 12.1–17–04 (terrorizing). We were informed at oral argument that various charges now are pending in relation to this matter.

**4.** For a case that exhibits sufficient conduct to constitute menacing, see *Biddle v. District Court in & for Fifteenth Jud. Dist.,* 183 Colo. 281, 516 P.2d 645 (1973).

*State v. McMorrow,* 286 N.W.2d 284 (N.D. 1979).

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.