STATE of North Dakota, Plaintiff and Appellee,

v.

Gerald LUND, Defendant and Appellant.

STATE of North Dakota, Plaintiff and Appellee,

v.

Sheryl LUND, Defendant and Appellant.

STATE of North Dakota, Plaintiff and Appellee,

v.

Kathy REIMCHE, Defendant and Appellant.

STATE of North Dakota, Plaintiff and Appellee,

v.

Richard REIMCHE, Defendant and Appellant.

Crim. Nos. 870266–870269.

Supreme Court of North Dakota.

May 31, 1988.

Jeanne L. McLean (argued), State's Atty., Bottineau, for plaintiff and appellee.

Michael P. Farris (argued), Great Falls, Va., and Richardson, Isakson & Lange, Hazen, for defendants and appellants. Appearance by Gregory L. Lange.

ERICKSTAD, Chief Justice.

The defendants, Gerald and Sheryl Lund and Richard and Kathy Reimche, have appealed from their judgments of conviction for violating the North Dakota Compulsory School Attendance Statute, Section 15-34.-1-01, N.D.C.C., requiring parents residing within any school district to send their children to school. We reverse.

The Lunds were charged with failing to send their daughter, Naleah, to public school in Bottineau County from September 1985 through March 20, 1986. The Reimches were charged with failing to send their son, Joshua, and daughter, Rachel, to public school in Bottineau County from March 1 through March 20, 1986. The charges were joined for trial before a jury in district court. Each defendant was prosecuted for a Class B Misdemeanor, pursuant to Section 12.1–32–01, N.D.C.C., because each had been previously convicted on similar charges. The jury found each defendant guilty, and the court entered judgments of conviction from which the defendants have filed these appeals.

■ The dispositive issue in these cases is the defendants' assertion that the State has failed to prove their residency in the Bottineau County School District. Without objection by either party, the trial court instructed the jury, in relevant part:

"... the burden of proof resting upon the State is satisfied only if the evidence shows, beyond a reasonable doubt, the following essential elements of the offense charged:

"1. That the defendant resided within any school district and is the parent of a child."

The State must prove beyond a reasonable doubt each element of the offense charged. *State v. Kurle*, 390 N.W.2d 48 (N.D.1986). In challenging the sufficiency of the evidence, a defendant must show that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inferences of guilt, and we will reverse the jury's determination only if the record presents no substantial evidence to support the verdict. *State v. Matuska*, 379 N.W.2d 273 (N.D.1985).

■ To prove residency the State introduced a school district census, completed on May 31, 1985, which listed the defendants' addresses as "R.R. 1 Bottineau." This exhibit was admitted over defense counsel's objection that it was inadmissible because the prosecution had failed to comply with Rule 803(8), N.D.R.Ev., which excepts certain public agency "[r]ecords, reports, statements, or data compilations" from the prohibitions of the hearsay rule with the following limitation:

"... factual findings may not be admitted under this exception unless the proponent of them furnishes to a party against whom they are now offered a copy thereof, or of so much thereof as relates to the controversy, sufficiently in advance of its offer in evidence to provide the adverse party with a fair opportunity to prepare to meet them."

The State concedes that the census exhibit was not furnished to defense counsel until during the trial immediately prior to the State's introduction of the exhibit into evidence. We conclude that the trial court abused its discretion in admitting this exhibit under Rule 803(8), N.D.R.Ev., over defense counsel's objection. The State clearly violated both the letter and the spirit of the rule in failing to give defense counsel advance notice of the exhibit, thereby effectively precluding the defendants from having "a fair opportunity" to prepare to meet the exhibit.

■ The census was completed on May 31, 1985, but the charges covered the time between September 1985 and March 20, 1986. Dwayne Getzlaff, the County Superintendent of Schools for Bottineau and Rolette Counties, testified that no amendments or additions were made to the census after its completion in May 1985. There was no testimony that the census

purported to reflect residency status subsequent to May 1985. We further conclude, therefore, that the census exhibit, even if admissible, does not constitute substantial evidence of residency upon which the jury could draw an inference which would fairly warrant a conviction.

The State asserts that Superintendent Getzlaff testified that the defendants lived in the Bottineau School District during the time of the alleged offenses. We have been unable to locate any such testimony in the record, and counsel for the State has not directed us to it. Regarding this issue, Getzlaff only testified that Rural Route 1 is located north of the City of Bottineau and is part of the Bottineau Public School District. Getzlaff was asked no further questions regarding this issue, and he did not testify on his personal knowledge as to the defendants' addresses or that they resided in the school district during the relevant time period.

The State also asserts that the testimony of James Holwell, Superintendent of the Bottineau Public Schools, constitutes substantial evidence to prove the element of residency. We disagree. The only questioning of Mr. Holwell relevant to this issue is the following testimony regarding a telephone conversation between Holwell and Kathy Reimche on March 13, 1986:

"Q ... Did you ever have any conversation with any of the four defendants concerning the schoolling [sic] of their children?

"A I called Mrs. Reimche after they had returned from South Dakota and asked her if they would be returning to school and if they wanted bus service.

"Q And what was her reply?

"A She said they would not be returning to school and thanked me for it and I thanked her. It was a very cordial affair, but I did ask her."

The only reasonable inference that can be gleaned from Holwell's testimony is that during some time period of unspecified duration and dates the Reimches were in South Dakota and returned. That testimony is inadequate to establish residency of the defendants in the school district during the relevant time period.

To establish this element of the offense the prosecutor must ask the proper questions of a witness having knowledge of where the defendants resided during the time for which the charges apply. *See State ex rel. Nagle v. Olin,* 64 Ohio St.2d 341, 415 N.E.2d 279, fn. 8 (1980). The State has simply failed to introduce substantial evidence to prove the element of residency in these cases. When the State fails to prove beyond a reasonable doubt an essential element of the crime charged, the conviction cannot stand. *State v. McMorrow,* 286 N.W.2d 284 (N.D.1979). Consequently, the judgments of conviction in these cases must be reversed.

LEVINE, GIERKE and MESCHKE, JJ., concur.

VANDE WALLE, Justice, dissenting.

I respectfully dissent. I do not believe the dispositive issue is the assertion by the defendants that the State has failed to prove their residency in the Bottineau School District—unless this court is to overrule numerous previous decisions holding that circumstantial evidence is sufficient to sustain a criminal conviction. We have consistently reiterated the rule that circumstantial evidence is sufficient to sustain a finding of guilt in a criminal action. E.g., *State v. Olson,* 290 N.W.2d 664 (N.D. 1980) [mostly circumstantial evidence sufficient for conviction of murder]; *State v. Allen,* 237 N.W.2d 154 (N.D.1975) [totality of circumstantial evidence sufficient for jury to draw inference of guilty of burglary]. On appeal our role is merely to review the record to determine if there is competent evidence that allows the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. *Olson, supra.*

Here, there is sufficient circumstantial evidence from which the jury could have concluded that the defendants were residents of the Bottineau School District: the school census, which I believe was properly

admitted into evidence [defendants not unfairly prejudiced], and the telephone call placed *by* Superintendent Howell of the Bottineau School District *to* the residence of the defendants Reimche, answered by Kathy Reimche as outlined in the majority opinion, constitute sufficient evidence from which the jury could infer that the Reimches were living in the school district. *Compare State v. McMorrow*, 286 N.W.2d 284 (N.D.1979) [testimony of witness that individual who made telephone call informing him that some windows had been broken and identified himself as defendant was insufficient to support conviction where witness had never met defendant and there was no testimony of voice identification or any other evidence establishing identity of the caller]. Furthermore, the County Superintendent of Schools testified that he was familiar with the address listed for the defendants on the census, and that the address was within the Bottineau School District. A sufficient number of circumstances which are consistent with defendants' guilt will permit a reasonable conclusion that in their aggregate they were not just a series of coincidences. *State v. Jager*, 85 N.W.2d 240 (N.D.1957). We have affirmed convictions of much more serious crimes than this on less circumstantial evidence.

As to the constitutional issues raised by the defendants but not answered by the majority opinion, I rely upon the prior decisions of this court in such cases as *State v. Patzer*, 382 N.W.2d 631 (N.D.1986).

I would affirm the convictions.