FRANK, Chief Judge.
The ear Peter Perez was driving collided with a truck and the driver was severely injured. Perez, a deputy with the Hillsbor-ough County Sheriffs Office, had been drinking that night and upon exiting his car simply stated to the officer who had arrived at the scene, “I’m a deputy sheriff and I fucked up.” He was convicted and sentenced for violating section 316.193(3),[1] Florida Statutes. In reliance upon section 316.066(4),[2] Florida Statutes (1991), which provides for the confidentiality of certain statements made to an officer during the course of an accident investigation, Perez sought to suppress his spontaneous utterance. The trial court rejected his contention reasoning that the declaration was not a response to a specific investigatory inquiry. We agree and affirm Perez’s conviction; each of the points he has urged upon us is meritless. We write to reduce in this district any uncertainty as to the manner in which the statutory immunity may be conferred.
Every driver of an automobile in Florida who is involved in a motor vehicle accident is required to report the event to law enforcement. See § 316.062, Fla.Stat. (1991). The information providéd in the report is privileged and may not be used *1232 against the driver in any trial arising out of the occurrence. Section 316.066(4), Fla.Stat. (1991). The functional purpose of section 316.066(4) is to achieve in the public interest an accurate truthful relation of the facts surrounding the accident and to relieve persons involved in it from incrimination when the circumstances are described. Hoctor v. Tucker, 432 So.2d 1352 (Fla. 5th DCA 1983). In short, the accident report privilege confers confidentiality upon any admission a driver makes in compliance with the statutory duty to report that which occurred in the accident. See Brackin v. Boles, 452 So.2d 540 (Fla.1984). It is plain from our review of this matter that Perez’s words were not privileged. When the trooper arrived and approached Perez, Perez left his car and immediately spoke the words he wanted the trial court to suppress. In that setting this matter is not factually distinguishable in any significant way or degree from Goodis v. Finkelstein, 174 So.2d 600 (Fla. 3d DCA 1965). In Goodis the assisting police officer heard Mrs. Goodis exclaim upon her post-accident return to consciousness: “Oh my God, I must have passed out again!” 174 So.2d at 602. The Third District found the utterance not to be a part of an “accident report” and deemed the statement admissible “as a declaration which was a part of the res gestae and ... against interest.” 174 So.2d at 602. We have found nothing in the record to suggest that at the moment when Perez’s words were spoken the officer had initiated a criminal investigation. We agree with the trial court’s determination not to suppress Perez’s words and conclude that our resolution of this matter fits comfortably within the supreme court’s emphatically expressed view that “the purpose of the statute is to clothe with statutory immunity only such statements and communications as the driver, owner, or occupant of a vehicle is compelled to make in order to comply with his or her statutory duty under section 316.066(1) and (2).” Brackin, 452 So.2d at 544.
Accordingly, we affirm Perez’s conviction.
RYDER and PATTERSON, JJ., concur.

. That section, in relevant part, reads:
(3) Any person:
(a) Who is [under the influence of alcoholic beverages];
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
2. Serious bodily injury to another ... is guilty of a felony of the third degree.

. Section 316.066(4), Florida Statutes, provides in relevant part:
Except as specified in this subsection, each accident report made by a person involved in an accident and any statement made by such person to a law enforcement officer for the purpose of completing an accident report required by this section shall be without prejudice to the individual so reporting. No such report or statement shall be used as evidence in any trial, civil or criminal.